### DULBERGER v. GIMBEL BROS.

(Supreme Court, Appellate Term. April 9, 1912.)

1. JURY (§ 131*)—SELECTION.

Under Code Civ. Proc. § 1180, as amended by Laws 1911, c. 206, providing that any juror may be asked whether he is in any manner interested in any company insuring against liability for injury to personal property, it was not error to permit a juror to be asked whether he was interested in a particular casualty company named, after general inquiry as to the juror's interest in any casualty company had been made.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 561–582; Dec. Dig. § 131.*]

2. MUNICIPAL CORPORATIONS (§ 706*)—INJURIES IN STREETS—ACTIONS—ADMISSION OF EVIDENCE.

In an action for injuries while on the sidewalk, caused by the collision of a street car and defendant's auto truck, in which there was evidence as to the unusual manner in which the truck was driven in a zigzag way across the street, in spite of the chauffeur's efforts to control it, evidence that defendant had recently purchased the truck, and as to the character of its construction, and that the machine got beyond the control of a competent chauffeur, was admissible on the question of negligence.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1518; Dec. Dig. § 706.*]

Appeal from City Court of New York, Trial Term.

Action by Louis L. Dulberger, guardian ad litem, for Harold Dulberger, an infant, against Gimbel Bros. From a judgment for plaintiff, and an order denying a motion for a new trial, defendants appeal. Reversed, and new trial ordered.

Argued March term, 1912, before GUY, LEHMAN, and BIJUR, JJ.

E. Bright Wilson (Edwin T. Taliaferro, of counsel), for appellant. Julius J. Michael (Nathan D. Stern, of counsel), for respondent.

GUY, J. Defendants appeal from a judgment in favor of plaintiff and from an order denying defendants' motion for a new trial in an action brought to recover damages for personal injuries. The plaintiff, an infant, who, at the time of the accident, was lawfully upon the sidewalk of one of our public thoroughfares, was injured through a collision which occurred between a street car in operation

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

on said thoroughfare and an auto truck which was being operated thereon by an employé of the defendants.

[1] The appellants' first point is that the court erred in allowing a juror to be asked the question whether he was "interested in the Pacific Coast Casualty Company." Section 1180 of the Code of Civil Procedure, as amended by Laws 1911, c. 206, provides that any juror may be asked whether "he is a shareholder, stockholder, director, officer or employé, or in any manner interested, in any insurance company issuing policies for protection against liability for damages for injury to person or property." The appellants contend that this, being a statutory right, must be strictly construed as permitting simply a general question, and not a particular inquiry as to any specific casualty company. This seems to be a very strained construction of the statute. The general provisions as to challenges of jurors are intended to safeguard the litigant from any possible interest or bias on the part of a juror, and the recent amendment to section 1180 of the Code must be deemed to have been enacted with this same purpose. General inquiry as to the juror's interest in any casualty company having already been properly made in this case, it is difficult to see how the defendant could have been prejudiced by further inquiry as to a particular company. It would seem that the shield which has been thrown around casualty companies is already ample, and that there is no cause for extending the rule in that regard. I do not think, therefore, that this exception is of any value.

[2] The defendants appellants also contend that the court erred in excluding evidence as to the character of construction of the defendants' auto truck, and of the fact that it had recently been purchased as a new machine. In my opinion, this contention of the appellants is sound. Evidence was given as to the very eccentric and unusual manner in which the defendants' auto was driven in a zigzag manner across the street and back again, in spite of the efforts of the defendants' chauffeur to control it; and evidence tending to show that the defendants exercised the utmost care in the selection of the machine, and that, notwithstanding the efforts of a competent chauffeur to control it, the machine got beyond his control, was relevant and material evidence on the part of defendants in disproving the plaintiff's allegation of negligence; and it was not such new matter as required that it should be set up as a separate defense. The erroneous exclusion of this evidence was, in my judgment, prejudicial to the defendants, and the judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.