### DI TOMMASO v. SYRACUSE UNIVERSITY.

(Supreme Court, Appellate Division, Fourth Department.    March 8, 1916.)

EVIDENCE ☞558(7)—EXAMINATION OF PHYSICIAN—INTEREST.

In an action for personal injuries, a physician may be asked upon cross-examination in whose interest he made an examination of the plaintiff, to show the interest or bias of the witness, although his answer discloses that an insurance company is defending the action, if not asked for the purpose of prejudicing the jury.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2379; Dec. Dig. ☞558(7).]

Foote, J., dissenting.

Appeal from Special Term, Onondaga County.

Action by Francesco Di Tommaso against Syracuse University. From an order granting defendant's motion to withdraw a juror and put the case over the term, trial fee and defendant's witness fees to be taxed on the plaintiff, plaintiff appeals. Order reversed.

Argued before KRUSE, P. J., and FOOTE, LAMBERT, and MERRELL, JJ.

Harry E. Newell, of Syracuse, for appellant.
C. V. Byrne, of Syracuse, for respondent.

KRUSE, P. J. ` A physician, who made an examination of the injuries of the plaintiff, was called as a witness for the defendant to testify upon that subject. He was asked upon cross-examination in whose interest he made the examination, and replied: "The insurance company." Thereupon the defendant's counsel asked that a juror be withdrawn and the case go over the term, and that the costs of the action be imposed upon the plaintiff. The application to withdraw

a juror and postpone the trial was granted, and the plaintiff was required to pay a trial fee and the defendant's witness fees. The trial judge states in his memorandum that the imposition of the terms is not intended to punish the plaintiff, but to compensate the defendant for the consequences of a wrong or error for which it was not responsible.

The plaintiff challenges the order upon two grounds: (1) That the question and the answer elicited and the entire cross-examination was proper to show that the witness was interested in the defense; and (2) that in any event the court had no authority to impose costs. To better appreciate the precise questions involved, I quote just what took place as recited in the order:

"Samuel Stewart, called by the defendant and sworn. Cross-examination by Mr. H. E. Newell:

"Q. You say you made this examination on the 4th of March, 1914? A. Yes, sir. Q. That was a month after the accident? A. Yes, sir. Q. You didn't go there at Mr. Di Tommaso's request, did you? A. No, sir. Q. At whose request did you go? A. It was some one in Mr. Jenney's office at that time. Q. You understood the examination was for the purpose of preparing a defense in this lawsuit? (Objected to as immaterial.)

"The Court: He may answer. (Exception for defendant.)

"A. I did not. Q. You didn't understand that you were there at Mr. Di Tommaso's request—in his interest? A. No, sir. Q. You were there in the interest of some one else? A. Yes, sir. Q. Who was that some one else? A. The insurance company.

"Mr. Byrne: That is objected to as improper and incompetent and immaterial, and at this time I ask that a juror be withdrawn and that the case go over the term, and that the costs of the action to date be imposed upon the plaintiff.

"The Court: Did you expect that answer?

"Mr. Newell: I did not expect the answer. It was not asked for the purpose at all. I am simply entitled to find out from the witness how he is interested.

"The Court: That question must have been asked, it seems to me, with a view of bringing out that answer.

"Mr. Newell: It certainly was not. I simply asked to show that he was not there in the interest of the plaintiff.

"The Court: You brought that out when you showed he was brought there by some one from Mr. Jenney's office. What is the motion?

"Mr. Byrne: The motion is to withdraw a juror, and that the case be put over the term, and that the costs in the case to date be imposed upon the plaintiff.

"The Court: A juror may be withdrawn and the case may go over the term. The plaintiff may be charged with a trial fee. (Exception for plaintiff.)

"Mr. Byrne: How about our witnesses? We have a number of witnesses here from Gloversville.

"The Court: And witnesses' fees to be taxed. (Exception for plaintiff.)

"The Court: A juror may be withdrawn, and the case is over the term."

While I think the learned trial judge was entirely justified in concluding that plaintiff's counsel expected the answer which he elicited to his question, and that it was his deliberate purpose to have the fact appear that the doctor made the examination in the interest of the insurance company, I am of the opinion that the question was proper. While the courts have quite uniformly frowned upon the practice of getting before the jury the fact that an insurance company is defending the action, where that is done for the purpose of prejudicing the jury (Rodzoborski v. American Sugar Refining Co., 210 N. Y. 262, 104 N. E. 616; Simpson v. Foundation Co., 201 N. Y. 479, 95 N. E.

10, Ann. Cas. 1912B, 321; Hordern v. Salvation Army, 124 App. Div. 674, 109 N. Y. Supp. 131), I am not aware that the courts have gone so far as to hold that such inquiry is always improper or prejudicial. The Legislature has specifically provided that the inquiry may be made in impaneling a jury, within certain limits. Code of Civil Procedure, § 1180, as amended in 1911 (L. 1911, c. 206).

The subject was quite fully and satisfactorily discussed by Mr. Justice Williams in two cases in this court. Grant v. Nat. Ry. Spring Co., 100 App. Div. 234, 91 N. Y. Supp. 805; Odell v. Genesee Const. Co., 145 App. Div. 125, 129 N. Y. Supp. 122. We are still in accord with the reasoning of those opinions. The same subject was discussed in the Second Department, and in the main the view of the majority was in accord with that of this court. Rinklin v. Acker, 125 App. Div. 244, 109 N. Y. Supp. 125. Much has been written upon this subject, and it is not necessary to say more than that, while we loyally follow the decision of the Court of Appeals in letter and in spirit, we think the doctrine should not be further extended.

The inquiry here was proper, as I think, to show the bias or interest of the witness. He admitted that he did not make the examination of the plaintiff at his request or in his interest, but he did not admit that he made it in the interest of the defendant. He stated that he was requested to make the examination by some one in Mr. Jenney's office. What connection Mr. Jenney had with the case does not appear. He was not the attorney of record for the defendant. It may be inferred that he was the attorney for the insurance company, and that the insurance company was defending the action. If so, it was a proper circumstance for the jury to consider in determining the credibility to be given to his testimony. It has been held that a physician who testifies in a personal injury action may be asked by whom he was sent to examine the plaintiff and by whom he was paid. Chicago City R. Co. v. Carroll, 206 Ill. 318, 68 N. E. 1087, affirming 102 Ill. App. 202. And so it has been held that a witness may be asked as to his employment by one who will be subjected to a liability in case the party against whom the witness testifies is successful. Lenahan v. Coal Co., 221 Pa. 626, 70 Atl. 884. In the last case it appeared that the action was for personal injuries. One of the defendant's attorneys was called by the defendant to discredit one of the plaintiff's witnesses, and on cross-examination by plaintiff he was asked whether he represented as attorney a company that had insured defendant against loss from accidents to its employés. Witness answered that he did. This was objected to, but the objection was overruled, and a verdict was found for plaintiff. Upon appeal the court stated that such evidence introduced by the plaintiff is ground for reversal, but that in applying that rule regard must be had to the undoubted right of the plaintiff to cross-examine a witness for defendant to show his interest or bias, and held that such an examination goes to the credibility of the witness, and the right is not to be denied or abridged because incidentally facts may be developed that are irrelevant to the issue and prejudicial to the other party.

We do not intend to hold that, if a jury is prejudiced by such an

inquiry, the verdict may not be set aside, even though the inquiry may have been proper, or even that a trial may not be interrupted and a juror withdrawn, and retrial be had, where it is apparent during the progress of the trial that the jury has become or will be prejudiced. But that is not this case. The order was not made upon that ground. It is distinctly stated therein that the court held the testimony to be improper, constituting a sufficient irregularity to cause a mistrial.

We need not pass upon the power of the court to impose the costs, because the conclusion reached necessarily leads to a reversal of the order, the effect of which will relieve the plaintiff from payment of the costs so imposed.

The order should be reversed, with $10 costs and disbursements. All concur, MERRELL, J., in a separate memorandum, except FOOTE, J., who dissents, and votes for modification of the order, so as to impose the costs upon the attorney personally.

MERRELL, J. I concur for reversal upon both grounds urged for appellant. The questions asked the witness Stewart, disclosing his interest in the litigation, were entirely proper. In weighing his testimony, the jury was entitled to know whether the witness was entirely disinterested, or whether he was a paid employé of some one vitally interested in the result of the trial. Such information clearly would be of inestimable benefit in aiding the jury in determining the credibility of the witness and the weight to be given his testimony. It is of secondary importance that the replies to the questions asked might unexpectedly disclose facts prejudicial to the defendant's rights. Any resulting prejudice might easily be taken care of by a watchful court in its charge, or by way of instruction to the jury at the time the prejudicial matter appeared. In a case beyond the control of the court, any verdict resultant from such prejudice could and would be set aside.

The imposition of costs was erroneous. Costs are entirely a creature of the statute, and respondent points to no Code provision or other statutory authority permitting the imposition of costs in such a case as that under consideration. In the absence of such statutory authority, no costs could be properly allowed. If plaintiff's attorney was guilty of contemptuous conduct, the court had the undoubted authority to punish him for his misconduct. But such was not the course adopted by the trial judge in this case; the learned trial court explicitly stating that costs were not imposed as a punishment to plaintiff, but to compensate the defendant.