HELEN HUMMEL, as Administratrix, etc., of HERMAN HUMMEL, Deceased, Respondent, *v.* L. S. FISCHL'S SONS, INC., Defendant, Impleaded with AKRON BUILDING COMPANY, Appellant.

First Department, December 15, 1916.

Master and servant — negligence — death of employee struck by descending elevator — practice — reference to casualty company — motion for withdrawal of a juror — effect of death of trial justice after verdict but prior to decision of motion to withdraw juror — testimony as to credibility of representative of casualty company — damages — new trial — newly-discovered evidence — application for withdrawal of juror after general verdict — mistrial.

In an action to recover for the death of the plaintiff's intestate, who, while employed by the defendant to paint the inner side of a sill at the entrance to a service elevator was struck and instantly killed by the descending elevator which was being operated by an employee of another defendant, the owner of the building at whose instance the painting was being done, it appeared that the decedent's co-employee was the only eye-witness to the accident; that he made statements with respect to the accident to an employee of the casualty company; that upon the cross-examination of said employee it was shown, without objection, that at the time he procured the statement he was in the employ of the casualty company; that he procured it at the instance of the attorney for the owner, and in the interest of his employer, and that counsel for the owner thereupon moved for the withdrawal of a juror on account of the reference to the casualty company. After the rendering of a verdict, but before the decision of the motion, the trial justice died.

*Held*, that, since there was a question of fact with reference to the material statements claimed to have been made by the witness to the accident, inconsistent with his testimony, depending upon a conflict between said testimony and that of the representative of the casualty company and an interpreter, it was proper as bearing upon the credibility of the representative of the casualty company to show that in procuring the statement he was endeavoring to further his own interest by serving his employer, and the fact that this may have indicated to the jury that his employer was interested in the action did not render the evidence incompetent;

That the reference to the casualty company in no manner prejudiced the rights of the owner;

That notwithstanding the owner's failure to take an exception, the Appellate Division may, if there was error of a prejudicial nature, award relief.

It appearing that the decedent was in good health, twenty-seven years of age, and earning $22 per week, nearly all of which he gave to his wife,

who was only twenty-three years of age, and that he left a child four weeks old, a verdict of $11,250 was not excessive.

A motion for a new trial on the ground of newly-discovered evidence consisting of the testimony of an employee of the owner was properly denied, because of a failure to show due diligence in ascertaining the whereabouts of said witness.

It is not within the power of a trial court to grant an application for the withdrawal of a juror after receiving a general verdict, and, hence, a motion to vacate a judgment and to have a mistrial declared on the ground that a motion for leave to withdraw a juror was submitted to the trial justice, who died before its decision, is without merit.

The fact that a defendant has been deprived by the death of the trial justice of the privilege of having a motion for a new trial heard informally on the minutes of the court, is no ground for declaring a mistrial, because such a motion may be made at Special Term on a case containing exceptions, pursuant to the provisions of section 1002 of the Code of Civil Procedure.

THREE APPEALS by the defendant, Akron Building Company, on separate records: (1) From a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Bronx on the 15th day of January, 1916, upon the verdict of a jury for $11,250; (2) from an order of the Supreme Court, made at the Bronx Special Term and entered in the office of the clerk of the county of Bronx on the 3d day of June, 1916, denying its motion for a new trial made upon the minutes; and also its motion for a new trial on the ground of newly-discovered evidence; (3) from an order made at the Bronx Special Term and entered in the office of the clerk of the county of Bronx on the 25th day of August, 1916, denying its motion to vacate and set aside the judgment and verdict herein and to declare the trial a mistrial.

The order of June third appealed from was made at a Special Term, not presided over by Mr. Justice BRADY who had tried the case, he having subsequently died.

*Theodore H. Lord,* for the appellant.

*Jacob Manheim,* for the respondent.

LAUGHLIN, J.:

This is a statutory action to recover for the death of plaintiff's intestate, who, while in the employ of the defendant, L. S. Fischl's Sons, Inc., in whose favor a verdict was ren-

dered, and engaged on the 7th day of January, 1914, in painting the inner side of a sill or saddle at the entrance to the service elevator on the eighth floor of the Hotel Blackstone, at No. 50 East Fifty-eighth street, borough of Manhattan, New York, was struck and instantly killed by the descending service elevator, which was being operated by an employee of the appellant, the owner of the building, at whose instance the painting was being done.

On the issues with respect to negligence on the part of the appellant which was the proximate cause of the accident, and freedom from contributory negligence on the part of the decedent, the evidence presented questions of fact requiring the submission of the case to the jury. We have examined the exceptions and are of opinion that they present no error prejudicial to the rights of the appellant and have not sufficient merit to require that they be discussed in the opinion.

The points urged on the appeal from the order denying the motion for a new trial on the case containing exceptions and on the ground of newly-discovered evidence are as follows: (1) That the motion should have been granted upon the ground that a reference on the trial to a casualty company required that the trial court allow the withdrawal of a juror *or declare a mistrial,* although the latter relief was not asked at the time; (2) that the verdict was grossly excessive; and (3) that the verdict against appellant is against the weight of the evidence; and (4) that the motion should have been granted on the ground of newly-discovered evidence.

The only eye-witness to the accident was one Fortgang, a painter, who was decedent's co-employee. He was called by the plaintiff and gave material testimony in support of the cause of action. On cross-examination he admitted that three days after the accident he made certain statements, with respect to the accident, to one Broderick, which Broderick reduced to writing and which he signed; but he testified that he did not then understand English well and he denied that all that he stated was reduced to writing, and denied having made to Broderick some of the statements contained in the written statement. The appellant called Broderick as a witness and proved the making of the statement to him by

Fortgang, in part through one Fischer, whom he called in from the street as an interpreter; and at the close of his direct examination the appellant reserved the right to offer the statement in evidence after calling Fischer. Thereupon the attorney for the plaintiff proceeded to cross-examine Broderick, and showed, without objection, that at the time he procured the statement he was in the employ of the Casualty Company of America; that he procured it at the instance of Mr. Spalding, who was the attorney of record for the appellant and the attorney for said casualty company, but that he did it in the interest of his employer for whom he desired to get as favorable a statement as possible, and that he wanted the casualty company to appreciate his services; that most of the answers were given by Fortgang in English, but part of them were given in Yiddish and translated for him by Fischer. Counsel for the appellant thereupon moved for the withdrawal of a juror on account of the reference to the casualty company. L. S. Fischl's Sons, Inc., also joined in the motion. The only ruling made by the trial court with respect to that motion was an announcement as follows: "I will take it under advisement." No objection to this disposition of the motion was taken by the appellant and no request was made for an immediate ruling or for a ruling before the close of the evidence. The record contains no further reference thereto until after the rendition of a verdict when counsel for the appellant moved to set aside the verdict and for a new trial on the grounds that the verdict was contrary to law, contrary to the evidence, against the weight of the evidence, excessive, and on all the grounds specified in section 999 of the Code of Civil Procedure, except inadequacy of damages, and upon "the motion made during the course of the trial." The court thereupon announced that a memorandum would be taken from counsel with respect to the *amount* of the verdict *only*. Thereupon counsel for appellant asked leave to present the question with respect to the *evidence relating to the casualty company* and to submit authorities on that question; and the court announced that briefs would be received both with respect to the amount of damages and the reference to the casualty

company, and that the appellant would be given a stay of thirty days after the entry of judgment and sixty days " to make a case in either event." The verdict was rendered on the 17th day of December, 1915. The record further shows that on the 23d day of December, 1915, counsel appeared before the trial court, evidently at the request of the court, owing to the fact that L. S. Fischl's Sons, Inc., had applied to the court *ex parte* to withdraw the motion in which it joined on the trial for the withdrawal of a juror. The motion was then made by counsel for L. S. Fischl's Sons, Inc., to withdraw the motion in which it had joined for the withdrawal of a juror. That was objected to by counsel for appellant; and the court took it and the motion for a new trial made by appellant, and a motion which had been made by the attorney for the plaintiff on the rendition of the verdict to set aside the verdict in favor of L. S. Fischl's Sons, Inc., under advisement, and directed that briefs be filed on December thirty-first. The record shows no disposition of these motions by the trial court, but indicates that the justice presiding at the trial died before deciding them for it shows that on the 15th of January, 1916, counsel for the plaintiff, and appellant, and for the county clerk appeared before Mr. Justice TIERNEY who stated that he had been consulted by the county clerk with respect to the entry of judgment herein; and he thereupon ruled that inasmuch as there was no stay the plaintiff had an absolute right to enter judgment, and that it was the duty of the clerk to enter it; and he suggested that counsel might agree on having judgment entered on the verdict and upon a stay of execution, and that a motion might be made at Special Term under section 1002 of the Code of Civil Procedure. Counsel for appellant thereupon said, " I understand your Honor will consider all the motions that would come before Judge BRADY under section 999?" to which Mr. Justice TIERNEY replied, "Yes; the motion cannot be made on the judge's minutes," whereupon counsel for the appellant replied: " I think the stenographer's minutes can be regarded as the judge's minutes." The record shows that the hearing before Mr. Justice TIERNEY closed with a suggestion by him that the parties consent to a stay of thirty days after entry of judgment; and that counsel for appellant should

stipulate orally that no disposition of the appellant's property would be made during the thirty days and that the word of counsel for appellant to that effect would be taken without a bond. It is manifest that a question of fact with respect to the material statements claimed to have been made by Fortgang inconsistent with his testimony arose, depending upon a conflict between his testimony and that of Broderick and of Fischer. It was, therefore, entirely proper as bearing upon Broderick's credibility to show that in procuring the statement Broderick was endeavoring to further his own interest by serving his employer well; and the fact that this may have indicated to the jury that his employer was interested in the action did not render the evidence incompetent. (*Di Tommaso* v. *Syracuse University*, 172 App. Div. 34; affd., 218 N. Y. 640.) The Code of Civil Procedure (§ 1180), at the time of the trial, in such an action authorized an examination of jurors with respect to their connection with any casualty company, even as an employee, and, therefore, the casualty company if not brought to the attention of jurors on their examination might have been. (*Rinklin* v. *Acker*, 125 App. Div. 244; *Dulberger* v. *Gimbel Brothers*, 76 Misc. Rep. 225.) Moreover, there was no exception taken to the failure of the court to allow a withdrawal of a juror or to direct a mistrial, and, therefore, the record discloses no legal error upon which appellant would, in any event, be entitled to relief as a matter of right. Notwithstanding appellant's failure to take an exception, if we were of opinion that there was error of a prejudicial nature we could and would award relief, but we think there was no error, and that the appellant's rights were in no manner prejudiced by the reference to the casualty company.

The verdict is not excessive. The decedent was in good health, twenty-seven years of age, and earned twenty-two dollars per week, nearly all of which he turned over to his wife, who was only twenty-three years of age, and he left a child only four weeks old, and he was an industrious man of good habits.

The motion for a new trial on the ground of newly-discovered evidence was properly denied. The alleged newly-discovered evidence was the testimony of one Duffy, who was in the employ of the appellant as engineer or house mechanic, and was

operating the elevator which descended upon the decedent. He remained in the employ of the appellant until April 9, 1914. On the 15th of November, 1915, the case was sixth on the day calendar and when called the representative of the appellant and of the other attorneys answered ready, and it was marked "Ready and Passed." On December sixth it was fifth on the day calendar, and all parties answered ready and it was again marked "Ready and Passed," and it was passed from day to day until the ninth of December owing to the absence of counsel for L. S. Fischl's Sons, Inc. On December thirteenth it was the first cause on the day calendar and then for the first time appellant asked for an adjournment on the ground that it was unable to subpœna Duffy, and presented two affidavits showing the efforts made to subpœna him; and on its application being denied, its representative asked that the case be marked "Ready and Passed," and that was done, and the case was set for trial the next day, when one juror was impanelled, and an adjournment was taken until the next day, when the trial proceeded without any further application for postponement. The affidavits on the application for a new trial on the ground of newly-discovered evidence show more fully the efforts made by the appellant to locate Duffy, but they fail to show due diligence in the circumstances. The appellant should have located its witnesses and, at least, should have ascertained that they were where they could probably be subpœnaed before the case was placed on the day calendar, and before informing the court that it was ready for trial.

The motion to vacate the judgment and to have a mistrial declared on the ground that the motion for leave to withdraw a juror was submitted to the trial justice who died before deciding them was likewise without merit. If the appellant intended to rely upon its application for the withdrawal of a juror it was incumbent upon it to call upon the trial court to rule thereon before the rendition of the verdict. Manifestly it is not within the power of the trial court to grant an application for the withdrawal of a juror after receiving a general verdict. If the trial court were vested with special power and discretion with respect to granting a new trial which could not be exercised by a court presided over by another justice, or if the trial

were not completed, then there would be ground for contending that there was a mistrial. In *Milliman* v. *N. Y. C. & H. R. R. R. Co.* (109 App. Div. 139), upon which the appellant principally relies, the trial court, reserving decision on a motion for a nonsuit, submitted the case to the jury and took a verdict, and before deciding the motion became disqualified by his assignment to the Appellate Division. In those circumstances there was no provision of law authorizing another justice or court to take up and decide the motion, and the trial, therefore, was not completed. In *French* v. *Merrill* (27 App. Div. 612) a verdict was taken by a justice who did not preside at the trial and who was disqualified by his designation to the Appellate Division from holding the trial court, and the judgment was vacated on the ground that as there was no competent court there was no valid verdict. The other cases cited have no material bearing on the question. The appellant was not entitled as a matter of right to have its motion for a new trial heard on the minutes of the trial court. Whether such a motion will be entertained rests in the discretion of the court (Code Civ. Proc. § 999); but every right which the appellant had to have a new trial granted could be presented by a motion at Special Term on a case containing exceptions, pursuant to the provisions of section 1002 of the Code of Civil Procedure. (See *Magnus* v. *Buffalo R. Co.*, 24 App. Div. 449, 451; *Tracey* v. *Altmyer*, 46 N. Y. 598, 602; Baylies N. T. & Ap. [2d ed.] 533, 560; Baylies Tr. Pr. 251, 490, 491; *Glassford* v. *Lewis*, 82 Hun, 46.) It is not a reasonable inference that the Legislature intended that there should be a mistrial in the event of the death of the justice presiding at the trial either before an opportunity was afforded a defeated party to ask that a motion for a new trial on the minutes be entertained or pending the consideration of such a motion. Since the same rights may be presented on a motion on a case containing exceptions as on the minutes, the only difference between the two is that the latter is less formal and more summary in that it does not necessarily require the writing out of the stenographer's minutes and the settlement of a case. By the death of the justice presiding at the trial the appellant had been deprived of the *privilege* accorded by the trial justice of hav-

ing the motion for a new trial heard informally on the minutes of the court; but that is no ground for declaring a mistrial. In practice we know that in such cases ordinarily the stenographer's minutes are used instead of the minutes taken by the court, and while the trial court would not necessarily be bound by the stenographer's minutes as to the proceedings on the trial if they did not accord with his notes or recollection, still they are presumed to be correct and their correctness is not drawn in question here. In our opinion, therefore, the trial of the action was finished and there is no ground for declaring a mistrial, for the grounds upon which the trial court entertained the motion for a new trial on the minutes were open to the appellant on a motion for a new trial at Special Term on a case and exceptions which it made.

It follows, therefore, that the judgment and orders appealed from should be affirmed, with a separate bill of costs of each appeal.

CLARKE, P. J., DOWLING, PAGE and DAVIS, JJ., concurred.

Judgment affirmed, with costs. Orders affirmed, with ten dollars costs and disbursements of each appeal.