Darwin W. Telesford, Acting Justice.
Petitioner insurance company moves to vacate a subpoena duces tecum requiring the production of all insurance policies relating to an automobile involved in a negligence action now on trial. There are six defendants. One admits that he is the registered owner, another that he was the operator of the car at the time of the accident. The remaining four defendants deny ownership and control of the automobile.
Generally, it is considered highly prejudicial to inject into a negligence action evidence that defendant was insured (Simpson v. Foundation Co., 201 N. Y. 479). There are, however, limitations to this rule. Evidence that a witness was employed by an insurance company, has been admitted to show his bias or interest (Hummel v. Fischl's Sons, 175 App. Div. 489; Di Tommaso v. Syracuse Univ., 172 App. Div. 34, affd. 218 N. Y. 640). The admissibility of liability insurance was discussed in Levatino v. Rochester Sav. Bank (38 N. Y. S. 2d 182). That was an action brought for the wrongful death of a child caused by the fall of a pole. The question arose as to who was in possession and control of the premises on which the pole was located, whether it was the occupant and nominal owner of the property or the defendant bank to which rent was paid. Evidence as to public liability insurance was held to be admissible as bearing upon the question of possession and control. Similarly, the insurance policies in the present case are admissible solely for the purpose of proving possession and control of the automobile. There is still an issue respecting the control of the vehicle despite the admissions of two of the defendants. To whom the policy was issued and by whom it was paid may be material and relevant to that issue. To vacate the subpoena duces tecum would deprive plaintiff-respondent of the right to submit evi *451 deuce which may be of importance in proving his case. To allow the subpoena duces tecum to stand does not mean that the insurance documents will necessarily be introduced into evidence. It is sufficient if the insurance policies may be material and relevant, depending upon the facts as set forth at the trial (Matter of Ebbets, 155 Misc. 870). Motion to vacate subpoena is accordingly denied.