[918 NE2d 897, 890 NYS2d 385]

LILY SALM, Appellant, v MARK S. MOSES, D.D.S., Respondent.

Argued September 10, 2009; decided October 22, 2009

APPEARANCES OF COUNSEL

*Greenwald Law Offices,* Chester (*Gary Greenwald, Marc Leffler* and *David A. Brodsky* of counsel), for appellant.

*Mauro Goldberg & Lilling, LLP,* Great Neck (*Caryn Lilling* and *Richard J. Montes* of counsel), for respondent.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed, with costs.

Plaintiff commenced this dental malpractice action against defendant based on his allegedly negligent failure to repair an oral fistula. At trial, defendant moved in limine to preclude plaintiff from cross-examining defendant's expert regarding the fact that he and defendant were both shareholders of and insured by the same dental malpractice insurance company, OMS National Insurance Company (OMSNIC). Plaintiff opposed the motion, but did not request a voir dire of the expert to inquire into his connection to OMSNIC. After a colloquy with counsel, Supreme Court granted the motion, finding that the probative value of the inquiry would be outweighed by the prejudicial effect of having defendant's insurance coverage revealed to the jury. Upon plaintiff's appeal following a jury verdict in favor of defendant, the Appellate Division affirmed (57 AD3d 370 [1st Dept 2008]). We granted plaintiff leave to appeal.

Although cross-examination is a matter of right (*see Matter of Friedel v Board of Regents of Univ. of State of N.Y.,* 296 NY 347, 352 [1947]), it is well settled that its scope and manner are left to the sound discretion of the trial court (*see Bernstein v Bodean,* 53 NY2d 520, 529 [1981]; *Feldsberg v Nitschke,* 49 NY2d 636, 643 [1980], *rearg denied* 50 NY2d 1059 [1980]). Therefore, absent an abuse of discretion, a trial court's determination is beyond our review.

Evidence that a defendant carries liability insurance is generally inadmissible (*see Leotta v Plessinger,* 8 NY2d 449, 461 [1960], *rearg denied* 9 NY2d 688 [1961]; *Simpson v Foundation Co.,* 201 NY 479, 490 [1911]). The rationale underlying this rule is twofold. First, "it might make it much easier to find an

adverse verdict if the jury understood that an insurance company would be compelled to pay the verdict" (*Loughlin v Brassil*, 187 NY 128, 135 [1907]). Second, evidence of liability insurance injects a collateral issue into the trial that is not relevant as to whether the insured acted negligently. Although we have acknowledged that liability insurance has increasingly become more prevalent and that, consequently, jurors are now more likely to be aware of the possibility of insurance coverage, we have continued to recognize the potential for prejudice (*see Oltarsh v Aetna Ins. Co.*, 15 NY2d 111, 118-119 [1965]; *see also* Barker and Alexander, Evidence in New York State and Federal Courts § 4:63, at 260-261 [5 West's NY Prac Series 2001] ["Because the prejudice quotient is obvious, the rule barring such evidence is one of the least controversial in the law of evidence"]).

The rule, however, is not absolute. If the evidence is relevant to a material issue in the trial, it may be admissible notwithstanding the resulting prejudice of divulging the existence of insurance to the jury. For example, we have held that evidence that a defendant insured a premises is relevant to demonstrate ownership or control over it (*see Leotta*, 8 NY2d at 462). Likewise, it was proper to allow cross-examination of a physician regarding the fact that the defendant's insurance company retained him to examine the plaintiff in order to show bias or interest on the part of the witness (*see Di Tommaso v Syracuse Univ.*, 172 App Div 34, 37 [4th Dept 1916], *affd without op* 218 NY 640 [1916]).

Here, we perceive no abuse of discretion in Supreme Court's evidentiary ruling. Such evidence may be excluded if the trial court finds that the risk of confusion or prejudice outweighs the advantage in receiving it (*see Kish v Board of Educ. of City of N.Y.*, 76 NY2d 379, 384-385 [1990]). In this case, plaintiff speculated during the colloquy that a verdict in defendant's favor could result in a $100 benefit—at the time of the expert's death, disability or retirement—based on the expert's shareholder status in OMSNIC. The trial court's finding that any such financial interest was likely "illusory" and that the possibility of bias was attenuated was reasonable on this record. Absent a more substantial connection to the insurance company—or at least something greater than a de minimis monetary interest in the carrier's exposure—the court did not engage in an abuse of discretion in precluding the testimony. We note that a voir dire of an expert outside the presence of the jury can better aid the court in exploring the potential for bias.

Pigott, J. (concurring). I concur with the majority's conclusion but write separately because, in my view, courts should no longer treat insurance coverage as the third rail of trial practice such that it can neither be mentioned, even incidentally, nor be the basis of appropriate inquiry as to possible bias, as in the ruling here. It is routine—even statutory—that jurors be asked if they are "a shareholder, stockholder, director, officer or employee . . . in any insurance company issuing policies for protection against liability for damages for injury to person or property" (CPLR 4110 [a]). The reason for the question is obvious. Someone who is so situated may have a tendency to find for a defendant even though, according to the way we conduct our trials, insurance may never be mentioned again.

Enter the defendant in this case who, by way of a motion in limine, sought to prevent the jury from learning that defendant's expert suffers the very disability that would have subjected them to a challenge to the favor—that he owns stock in a company that writes liability insurance. In fact, he owns stock in the very insurance company that will be required to pay any judgment rendered against the defendant in this case. The jury should be made aware of that fact. To keep this information from them means they are arriving at a verdict without all the material facts before them—something every court seeks to prevent.

It is common knowledge that most defendants carry insurance. Indeed, most prospective jurors are cognizant of the significant role in litigation that liability insurance plays, be it business, homeowner's or automobile insurance (*see e.g. Oltarsh v Aetna Ins. Co.*, 15 NY2d 111, 118 [1965] ["it is the rare individual who today does not know that 'defendants in negligence cases are insured and that an insurance company and its lawyer are defending' " (citation omitted)]).

This is not to say that evidence of insurance should be admitted as a matter of course; there must always be a legitimate basis for its admission. However, in my view, there are appropriate instances when insurance evidence should be admitted to establish a party's or a witness's bias or interest, and trial courts should not shy away from admitting it if, after conducting the appropriate balancing test, they think that its admission is relevant under the circumstances. The admission of such evidence can be accompanied by a limiting instruction if the court believes it appropriate. Moreover, because trial courts have the discretion to place limitations on the scope of the questioning relative to such evidence, defendants can be assured that the

admission of such evidence will serve its intended, relevant purpose of showing potential bias or interest without undue prejudice to the defendant.

Ordinarily, in a case such as the one before us, a court should reserve decision on the motion until the expert takes the stand and can be questioned, outside the presence of the jury, about his interest in defendant's insurance company and any possible bias. Then a reasoned ruling could be made. Because plaintiff did not request such an opportunity, under these facts, I concur in the majority's decision to affirm.

Judges GRAFFEO, READ, SMITH and JONES concur; Judge PIGOTT concurs in result in an opinion in which Chief Judge LIPPMAN and Judge CIPARICK concur.

Order affirmed, with costs, in a memorandum.