# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**936**

**CA 13-00119**

PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, AND WHALEN, JJ.

---

THOMAS BURKE, PLAINTIFF-RESPONDENT,

                V                                 MEMORANDUM AND ORDER

COUNTY OF ERIE, DEFENDANT-APPELLANT.

---

HODGSON RUSS LLP, BUFFALO (RYAN J. LUCINSKI OF COUNSEL), FOR DEFENDANT-APPELLANT.

CANTOR, DOLCE & PANEPINTO, P.C., BUFFALO (JONATHAN M. GORSKI OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

-----------------------------------------------------------------------------------------------------

Appeal, by permission of the Appellate Division of the Supreme Court in the Fourth Judicial Department from an order of the Supreme Court, Erie County (Tracey A. Bannister, J.), entered October 12, 2012. The order, among other things, denied the motion of defendant to compel and for a protective order.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting that part of the motion to compel a second deposition of the nonparty witness and as modified the order is affirmed without costs.

Memorandum: In this Labor Law action, plaintiff's counsel served a nonparty witness subpoena on the only eyewitness to the accident demanding that he appear for a deposition. The nonparty witness had commenced a separate Labor Law action arising from a different construction site accident and retained plaintiff's counsel to represent him in that lawsuit. Plaintiff's counsel asked the nonparty witness various questions about plaintiff's accident, and then defendant's counsel asked the nonparty witness questions that established that plaintiff and the nonparty witness were both carpenters in the same union, they both had pending lawsuits involving the same employer, and they both retained the same attorneys. When defendant's counsel asked if plaintiff was going to be a witness in the nonparty witness's case, plaintiff's counsel objected and directed the nonparty witness not to answer. Plaintiff's counsel further objected and directed the nonparty witness not to answer when defendant's counsel asked the nonparty witness whether plaintiff's counsel was representing him in connection with the deposition. Thereafter, the deposition was discontinued.

Defendant moved, inter alia, for an order compelling a second deposition of the nonparty witness and prohibiting plaintiff's counsel

from interfering with that deposition.  Supreme Court denied the motion, and we now modify the order by granting that part of the motion seeking to compel a second deposition of the nonparty witness. The questions asked by defendant's counsel were relevant with respect to the nonparty witness's bias or motive (*see generally* CPLR 3101 [a]; *Salm v Moses,* 13 NY3d 816, 818).  Thus, the questions should have been " 'freely permitted and answered' " (*Roggow v Walker,* 303 AD2d 1003, 1004).  In any event, we agree with defendant that it is entitled to a second deposition of the nonparty witness in order to cross-examine the witness regarding the circumstances of the accident.

Entered:  October 4, 2013                    Frances E. Cafarell
                                             Clerk of the Court