# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

748
CA 13-02097
PRESENT: SMITH, J.P., CENTRA, CARNI, WHALEN, AND DEJOSEPH, JJ.

LIMARIE DOMINICCI, PLAINTIFF-RESPONDENT,

V                                          MEMORANDUM AND ORDER

THOMAS FORD, ET AL., DEFENDANTS.
----------------------------------------
STATE FARM AUTOMOBILE INSURANCE COMPANY,
APPELLANT.

HISCOCK & BARCLAY, LLP, ROCHESTER (TARA J. SCIORTINO OF COUNSEL), FOR APPELLANT.

PARISI & BELLAVIA, LLP, ROCHESTER (ALBERT PARISI OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

-------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered June 12, 2013. The order denied the motion of State Farm Automobile Insurance Company to quash a subpoena.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: This personal injury action arises out of a motor vehicle accident in which a vehicle operated by plaintiff was rear-ended by a vehicle operated by Thomas Ford (defendant). During the course of the litigation, defendant's insurance company, nonparty State Farm Automobile Insurance Company (State Farm), the appellant herein, retained a physician to conduct an independent medical examination of plaintiff on behalf of defendant. Thereafter, plaintiff's counsel served a judicial subpoena duces tecum on State Farm. The subpoena sought, inter alia, production of 1099 forms or other wage statements reflecting payments made by State Farm to the examining physician for the period from 2009 through 2011, as well as bills and invoices related to the litigation received from the examining physician, his staff or business, or from the independent examination processing company.

State Farm moved to quash the subpoena pursuant to CPLR 2304 on the ground that it was plaintiff's intent to use the subpoenaed materials to impeach the examining physician's general credibility. Plaintiff opposed the motion on the ground that she intended to use the subpoenaed documents to cross-examine the examining physician at trial with respect to his bias or interest. Supreme Court denied the motion, and we affirm.

"It is . . . well settled that a motion to quash a subpoena duces tecum should be granted only where the materials sought are utterly irrelevant to any proper inquiry" (*Velez v Hunts Point Multi-Serv. Ctr., Inc.*, 29 AD3d 104, 112; *see New Hampshire Ins. Co. v Varda, Inc.*, 261 AD2d 135, 135). "Moreover, the burden of establishing that the requested documents and records are utterly irrelevant is on the person being subpoenaed" (*Gertz v Richards*, 233 AD2d 366, 366). It is "proper to allow cross-examination of a physician regarding the fact that the defendant's insurance company retained him to examine the plaintiff in order to show bias or interest on the part of the witness" (*Salm v Moses*, 13 NY3d 816, 818, citing *Di Tommaso v Syracuse Univ.*, 172 App Div 34, 37, *affd* 218 NY 640). Questions concerning the bias, motive or interest of a witness are relevant and should be "freely permitted and answered" (*see Burke v County of Erie*, 110 AD3d 1461, 1462 [internal quotation marks omitted]; *see Roggow v Walker*, 303 AD2d 1003, 1004) and, thus, plaintiff is entitled to discovery materials that will assist her in preparing such questions. In light of the foregoing, we conclude that the court did not abuse its discretion in denying the motion.

Entered:  July 3, 2014                              Frances E. Cafarell
                                                    Clerk of the Court