Appeals from an order of the Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered August 24, 2016. The order, inter alia, denied in part the motions of defendants and the nonparties to, among other things, quash a subpoena duces tecum served by plaintiff on the nonparties and defendants’ insurer.
 

 It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
 

 Memorandum: Plaintiff commenced this action seeking damages for injuries that she allegedly sustained in an automobile accident. At the request of defendants, plaintiff was examined by nonparty Hubert F. Riegler, M.D., who was employed by nonparty Legal Med, a third-party medical examination vendor (hereafter, nonparties). Defendants’ insurer paid for the examination. After defendants gave notice that they intended to call Dr. Riegler as an expert witness at trial, plaintiff served a judicial subpoena duces tecum on the nonparties and defendants’ insurer seeking the production of various documents and materials. As relevant to these appeals, in paragraph two of the subpoena plaintiff sought production of all billing and payment records related to examinations performed by Dr. Riegler on behalf of all insurance companies and attorneys for the prior five years. Plaintiff sought such information to ascertain any possible bias or interest on the part of Dr. Riegler.
 

 The nonparties and defendants moved, inter alia, to quash the subpoena, and Supreme Court denied the motions in part. The nonparties and defendants now appeal. Contrary to the contention of the nonparties and defendants, the court properly denied those parts of the motions seeking to quash paragraph two of the subpoena. Plaintiff was entitled to the information to assist her in preparing questions for cross-examination of Dr. Riegler concerning his bias or interest (see Dominicci v Ford, 119 AD3d 1360, 1361 [4th Dept 2014]; see generally Salm v Moses, 13 NY3d 816, 818 [2009]).
 

 Present—Centra, J.P., Peradotto, Carni, De Joseph and Winslow, JJ.