Loiselle v Progressive Cas. Ins. Co. (2020 NY Slip Op 06325)





Loiselle v Progressive Cas. Ins. Co.


2020 NY Slip Op 06325


Decided on November 5, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 5, 2020

529636

[*1]Rock A. Loiselle et al., Appellants,
v
Progressive Casualty Insurance Company, Respondent.

Calendar Date: September 14, 2020

Before: Garry, P.J., Clark, Devine, Pritzker and Colangelo, JJ.


LaFave, Wein & Frament, PLLC, Guilderland (Paul H. Wein of counsel), for appellants.
Burke, Scolamiero & Hurd, LLP, Albany (Steven V. DeBraccio of counsel), for respondent.



Garry, P.J.
Appeal from an order of the Supreme Court (Ferreira, J.), entered June 27, 2019 in Schoharie County, which, among other things, granted defendant's motion for a protective order and to quash a subpoena served by plaintiffs.
In January 2015, plaintiff Rock A. Loiselle suffered injuries in a motor vehicle accident. The other vehicle was being operated by an uninsured driver. Plaintiffs commenced a personal injury action seeking damages for Loiselle's injuries, and were advised that there was no coverage for the other vehicle. Plaintiffs had obtained a policy issued by defendant that included supplemental uninsured motorist coverage in the amount of $300,000. Plaintiffs made a demand for payment under their policy, which defendant refused. Plaintiffs then commenced this action alleging causes of action for breach of contract, breach of the implied covenant of good faith and fair dealing, and loss of consortium.
In February 2018, defendant served plaintiffs with expert witness disclosures for two physicians — Harvey L. Siegel and Patrick J. Hughes — who had examined Loiselle and provided medical examinations upon defendant's request. Plaintiffs thereafter served defendant with a notice to produce certain records. Defendant sought a protective order, which Supreme Court granted on the basis that the records were held by a third-party vendor retained by defendant. Plaintiffs then served a subpoena duces tecum upon the third-party vendor, seeking 1099 forms provided to Siegel and Hughes for calendar years 2015, 2016 and 2017, and "[c]opies of all records relating to the performance by [Siegel] of independent medical examinations performed for and/or on behalf of [defendant] for calendar years 2015, 2016 and 2017." Defendant moved to quash the subpoena, and plaintiffs cross-moved to compel discovery. The court granted defendant's motion to quash the subpoena, and partially denied plaintiffs' cross motion. Plaintiffs appeal.
The CPLR extends "full disclosure of all matters material and necessary in the prosecution or defense of an action" to nonparties (CPLR 3101 [a] [4]; see Matter of Kapon v Koch, 23 NY3d 32, 36 [2014]). "The words, 'material and necessary,' are . . . to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason" (Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406 [1968]; accord Palmatier v Mr. Heater Corp., 156 AD3d 1167, 1168 [2017]). "A subpoena will be quashed only where the futility of the process to uncover anything legitimate is inevitable or obvious or where the information sought is utterly irrelevant to any proper inquiry" (Matter of Board of Educ. of the City Sch. Dist. of the City of N.Y. v New York State Dept. of Educ., 182 AD3d 664, 665-666 [2020] [internal quotation marks, brackets and citations omitted]; see Matter of Kapon v Koch, 23 NY3d at 38).
The parties agree that there is a split among the Appellate Divisions as to whether certain records held by a nonparty are discoverable, and that it poses an issue of first impression in this Court. Turning first to the requested financial records, the Fourth Department has held that payment and billing records for examinations performed by a nonparty physician on behalf of insurance companies are subject to disclosure to "assist [counsel] in preparing questions for cross-examination of [the physician] concerning his [or her] bias or interest," the basis similarly asserted by plaintiffs here (Porcha v Binette, 155 AD3d 1676, 1676-1677 [2017]; see Dominicci v Ford, 119 AD3d 1360, 1360-1361 [2014]. Supreme Court instead relied upon earlier cases from the First and Second Departments, which held that a plaintiff could not seek a nonparty physician's financial records "simply for the purpose of gaining information to impeach the general credibility of [the physician]" (Pernice v Devora, 238 AD2d 558, 559 [1997]; see Fazio v Federal Express Corp., 272 AD2d 259, 259-260 [2000]).[FN1]
Here, the 1099 forms that plaintiffs seek would disclose the amount of compensation that Siegel and Hughes received for performing evaluations on defendant's behalf and, with questioning, may reveal a financial incentive that the physicians have in testifying. A financial incentive is a relevant consideration in "ascertain[ing] any possible bias or interest on the part of [the physicians]" (Porcha v Binette, 155 AD3d at 1677; see Dominicci v Ford, 119 AD3d at 1361). Given the liberal interpretation afforded the terms "material and necessary" used in the CPLR (see Matter of Kapon v Koch, 23 NY3d at 38), and the general acceptance of testing a witness for bias and interest (see generally Salm v Moses, 13 NY3d 816, 818 [2009]), we thus find that the financial records are discoverable.[FN2]
Turning to the requested medical examination records, Supreme Court found that "[n]either party ha[d] cited any case law addressing the issue of whether records relating to prior [medical examinations] performed by an examining physician are discoverable," and that plaintiffs had not specifically addressed these records. Defendant asserts that plaintiffs have thus failed to preserve this issue, and we agree. "Ordinarily, appellate review does not extend to a claim or argument that was not raised in the trial court" (Arthur Brundage Inc. v Morris, 174 AD3d 1088, 1089 [2019] [citations omitted]; see Bingham v New York City Tr. Auth., 99 NY2d 355, 359 [2003]; Sam v Town of Rotterdam, 248 AD2d 850, 852 [1998], lv denied 92 NY2d 804 [1998]; see generally Wilson v Galicia Contr. & Restoration Corp, 10 NY3d 827, 829-830 [2008]). This request presents significant issues that would bear full development, a task not suitable to be undertaken solely upon appellate review and this scant record. Accordingly, we decline to address whether the medical records should be produced.
Clark, Devine, Pritzker and Colangelo, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted defendant's motion and quashed the subpoena insofar as it sought third-party financial records as set forth herein; motion denied to that extent; and, as so modified, affirmed.



Footnotes

Footnote 1: The holding of the Second Department in Pernice v Devora (supra) may be distinguished to some extent. The subpoena at issue in that case sought "essentially all of [the physician's] records, including records of the money" received by the physician, and plaintiff asserted that he intended to show that the physician was unable to conduct thorough examinations due to a "tight appointment schedule" (Pernice v Devora, 238 AD2d at 559).

Footnote 2: The discoverability of this information does not govern its use or admissibility at trial, which will be subject to appropriate evidentiary rulings.