■ In the Matter of R. KEITH ARMSTRONG et al., Appellants, v TOWN OF HOOSICK HOUSING AUTHORITY et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Prior, Jr., J.), entered June 9, 1980 in Rensselaer County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to permanently enjoin respondents from constructing a low-income housing project. On June 4, 1977, the Town of Hoosick

Town Board, pursuant to a request from the Town of Hoosick Housing Authority, adopted a resolution approving an application for a loan to construct a 25-unit low-income housing development. On June 20, the housing authority voted its approval of the application and the following day the authority and the town board entered into a co-operation agreement whereby the housing authority agreed to attempt to secure Federal funding for the project and the town board agreed to provide certain services to the authority in furtherance of their joint efforts to construct the housing development. On November 29, 1978, the Town of Hoosick Planning Board approved the project. On January 25, 1979, a special meeting of the town board approved the project by a vote of three to two. On October 4, 1979, petitioners, residents and property owners in the Town of Hoosick, commenced an article 78 proceeding wherein they requested that the court issue both a temporary and permanent injunction, and, further, a judgment prohibiting the housing authority from proceeding with the housing project until after respondents filed an environmental impact statement. The matter was submitted to Special Term which, by judgment entered June 9, 1980, denied the petition "in all respects". This appeal by petitioners ensued. Courts are ordinarily precluded from considering questions which, although once live, have become moot by passage of time or change in circumstances. Here, since petitioners concede that the subject low-income housing project has been completed and is partially occupied with a long waiting list for the unoccupied units, we conclude that the rights of the parties cannot be affected by the determination of this appeal and it is, therefore, moot *(Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 714). Next, since the relief sought by petitioners is in the nature of an order of prohibition to prevent construction of the housing development, or, if the article 78 proceeding were to be converted into an action for a permanent injunction (CPLR 103, subd [c]), for a judgment enjoining such construction, we cannot say that the facts herein fall within any of the three exceptions to the mootness doctrine summarized in *Matter of Hearst Corp. v Clyne (supra,* pp 714-715). After careful review we are persuaded that this case does not present any novel issue that typically evades review, and we do not believe that it is a matter that is likely to be repeated between these same parties or other members of the public. Accordingly, we conclude that this appeal is moot and should be dismissed. Appeal dismissed on the ground of mootness, without costs. Mahoney, P.J., Sweeney, Main, Mikoll and Yesawich, Jr., JJ., concur.