■ In the Matter of WILLIAM G. McMAHON, as Chairman of the State Commission of Correction, Respondent, v JEFFREY LANDON et al., Appellants.—Yesawich, Jr., J. Appeal from an order of the Supreme Court (McDermott, J.), entered August 24, 1988 in Albany County, which granted petitioner's motion pursuant to CPLR 2308 (b) for an order compelling respondents to comply with subpoenas ad testificandum.

Following an incident at Coxsackie Correctional Facility in Greene County during which prison inmates took five correction officers hostage, the State Commission of Correction, charged with inspecting and appraising the management of State and local correctional facilities with particular attention to matters of safety and security (Correction Law § 45 [3]), undertook to ascertain what had occurred. As part of its investigation, the Commission, which has no adjudicative or disciplinary powers, served subpoenas on 14 correction officers and a civilian employee. Two of the correction officers (respondents Jeffrey Landon and Thomas McKernon), accompanied by counsel, appeared separately in response to the subpoenas and informed the Commission that they would refuse to answer any questions unless they were allowed to have their attorneys present during the questioning. A Commission representative advised Landon and McKernon that their counsel would have to leave, but would be allowed to remain outside the interview room for consultation. At counsel's direction, Landon and McKernon declined to answer any questions. The matter was then adjourned and the Commission, proceeding by way of an order to show cause, secured an order from Supreme Court compelling Landon and McKernon, along with the remaining respondents, to comply with the subpoenas; this appeal ensued. Respondents have since testified pursuant to Supreme Court's order.

Courts are loathe to adjudicate controversies that, although once live, have been rendered moot with the passage of time or a change in circumstances (Matter of Armstrong v Town of Hoosick Hous. Auth., 84 AD2d 886, 887). Because respondents have already complied with the subpoenas and their rights cannot be affected by any determination on this appeal, the underlying controversy is now moot (see, Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714; see also, Matter of Armstrong v Town of Hoosick Hous. Auth., supra).

Nor does this case come within the exception to the moot-

ness doctrine *(see, Matter of Hearst Corp. v Clyne, supra,* at 714-715). Although the question of whether counsel may be present during the Commission's interrogation of a witness is likely to recur, it will not typically evade judicial review; should an incriminating statement made during Commission questioning be subsequently offered in a criminal proceeding, its admissibility may be challenged at that time and an adverse ruling on that challenge may be appealed *(see, In re Groban,* 352 US 330, 334). Moreover, this case presents nothing substantial or novel; the issue of whether counsel may be present at an investigatory administrative proceeding has heretofore been considered and resolved *(see, e.g., Anonymous v Baker,* 360 US 287, 294-295; *see also, In re Groban, supra,* at 335; *Matter of Popper v Board of Regents,* 26 AD2d 871). And *Miranda v Arizona* (384 US 436), directed at safeguarding the right to counsel during custodial police interrogation, has not, as respondents suggest, sapped the vitality of these holdings *(see, Matter of First Energy Leasing Corp. v Attorney-General of State of N. Y.,* 68 NY2d 59, 64; *Ronayne v Lombard,* 92 Misc 2d 538, 545-546).

Appeal dismissed, as moot, without costs. Mahoney, P. J., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.