■ In the Matter of ROBERT L. SCHULZ et al., Respondents-Appellants, v STATE OF NEW YORK et al., Appellants-Respondents.—Mikoll, J. P. Cross appeals from a judgment of the Supreme Court (Kahn, J.), entered October 15, 1990 in Albany County, which partially granted petitioners' application, in a proceeding pursuant to CPLR article 78, to enjoin respondents from engaging in certain activities to promote and achieve approval of the New York State Twenty-First Century Environmental Quality Bond Act.

Respondents have appealed from a judgment of Supreme Court insofar as it granted petitioners' request to enjoin respondents from the further expenditure of State funds to promote the Twenty-First Century Environmental Quality Bond Act, including the distribution of the informational pamphlet entitled "Proposal One...To protect New York's Environment for Future Generations" and any other material containing the slogan "Keep New York Clean and Green". Petitioners have also cross-appealed from that judgment insofar as it also denied and dismissed, in all other respects, the relief requested in the petition.

The Bond Act was defeated by the voters on November 6, 1990, thereby rendering moot the present controversy between the parties (see, Matter of Herald Co. v O'Brien, 149 AD2d 781). Respondents, however, urge that this case falls under the recognized exception to the mootness doctrine (see, Matter of McMahon v Landon, 154 AD2d 745, 745-746). Three factors must exist to find such an exception: "(1) a likelihood of repetition, either between the parties or among other members of the public; (2) a phenomenon typically evading review; and (3) a showing of significant or important questions not previously passed on, i.e., substantial and novel issues" (Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715).

Even assuming that respondents are correct in contending that this and substantially similar issues are likely to reoccur, we find the other prongs of the test to be unsatisfied. Proceedings such as the instant one need not evade review. Calendar preferences can be granted to appeals before the Appellate Divisions and the Court of Appeals upon a showing of urgency or good cause (see, CPLR 5521; 22 NYCRR 500.8 [b]; 670.7 [b]). We note, too, that courts have had occasion to address the underlying issue in the past (see, Matter of Phillips v Maurer, 67 NY2d 672; Stern v Kramarsky, 84 Misc 2d 447; cf., People v Ohrenstein, 77 NY2d 38). Thus, the issue presented here, while important, is not novel. We thus conclude that respondents' appeal is moot and no exception to the mootness doctrine has been established.

The remaining issue involved is whether sanctions would be appropriate against respondents. Petitioners have cross-appealed from that part of the judgment which denied their request for costs, sanctions and reimbursement of the funds expended on the preparation and distribution of the informational materials. A court may in its discretion award costs, including reasonable counsel fees, and impose sanctions upon any party or attorney who engages in frivolous conduct in the course of a civil action or proceeding (22 NYCRR 130-1.1 [a]). Conduct is deemed to be frivolous if:

"(1) it is completely without merit in law or fact and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law; or

"(2) it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another" (22 NYCRR 130-1.1 [c]).

Respondents previously appealed from two temporary restraining orders issued by Supreme Court on September 27 and 28, 1990. We determined that the order dated September 27, 1990 was not appealable because it was a temporary restraining order. As to that order, we conclude that respondents' decision to file a notice of appeal therefrom was not completely without merit in law and was not undertaken primarily to delay litigation or harass petitioners. We accept respondents' explanation, later found erroneous, that they believed that the order appealed from was an appealable injunction rather than an unappealable temporary restraining order and therefore decline to impose sanctions.

As to the appeal from Supreme Court's September 28, 1990 order, respondents point out that it was prosecuted in the

reasonable belief that it had merit. They also note that this court granted petitioners' motion to vacate the statutory stay *(see,* CPLR 5519), thereby implicitly finding that the latter order was appealable, and that this court declined to award costs on either motion. We again decline to impose sanctions. Considering what was at stake here, we conclude that respondents' conduct, though perhaps too zealous, was not frivolous.

In disseminating the printed material regarding the Bond Act, some $325,000 was expended from public coffers. Absent a showing that respondents colluded, acted fraudulently, exhibited bad faith or personally profited from the preparation and distribution of the challenged material, we find no statutory authority for petitioners' request that respondents be directed to individually reimburse the State for this expense. The record bears no evidence from which any such conclusion can be made *(cf.,* Penal Law § 195.00; General Municipal Law § 51).

Yesawich Jr., Levine, Mercure and Crew III, JJ., concur. Ordered that the appeal by respondents is dismissed, as moot, without costs.

Ordered that the judgment is affirmed, without costs. *[See,* 148 Misc 2d 677.]