■ In the Matter of PRUDENCE CHUILLI et al., Respondents, v TOWN OF PUTNAM VALLEY et al., Appellants. [598 NYS2d 97] —Crew III, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Dickinson, J.), entered December 30, 1991 in Putnam County, which partially granted petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Town of Putnam Valley Planning Board denying a freshwater wetland permit to petitioners.

By deed dated November 30, 1970, petitioner Donald A. Chuilli acquired a parcel of land located in the Town of Putnam Valley, Putnam County. Thereafter, by deed dated June 1, 1971, petitioner Prudence Chuilli acquired title to an adjoining parcel of land. Both parcels are apparently part of a subdivision known as Roaring Brook Lake.

On or about June 25, 1987, petitioners applied to the Town of Putnam Valley Planning Board for a freshwater wetlands permit to construct a dwelling on either or both of the parcels. The Planning Board denied petitioners' application finding, *inter alia,* that construction of the proposed dwelling would have a significant adverse impact upon the wetlands located on the respective properties. Petitioners thereafter commenced this CPLR article 78 proceeding seeking, *inter alia,* to annul the Planning Board's determination. Supreme Court partially granted the petition, finding that petitioners' respective lots were not subject to the "Freshwater Wetlands and Watercourse Ordinance of the Town of Putnam Valley" and, accordingly, annulled the Planning Board's determination to that extent. This appeal by respondents followed.

We affirm. The local wetlands ordinance defines freshwater wetlands as "lands and waters of the Town covering 0.5 acres or more *and* identified on the 'Putnam Valley Freshwater Wetlands Map' " (Putnam Valley Town Code, ch 24C, § 2 [emphasis supplied]). The ordinance on its face plainly requires that both conditions be met in order for the ordinance to apply *(see generally, Doctors Council v New York City Employees' Retirement Sys.,* 71 NY2d 669, 674-675 [clear and unambiguous statute should be construed in accordance with the plain meaning of the words used]). Although the record contains a portion of what purports to be the Putnam Valley Freshwater Wetlands Map, with an asterisk allegedly depicting petitioners' respective parcels, the site inspection report

completed by the Town's wetlands inspector indicates that the relevant parcels are not identified on the official wetlands map. Additionally, neither lot appears to be 0.5 acres in size, and there is no indication in the record that the properties were merged. Under these circumstances, Supreme Court properly determined that the ordinance at issue did not apply to petitioners' respective parcels.

In light of this determination, we need not reach the remaining issues raised by respondents and express no opinion as to whether petitioners' lots are otherwise buildable. Finally, we decline petitioners' request to impose sanctions (see generally, 22 NYCRR 130-1.1 [a], [c]; Matter of Schulz v State of New York, 175 AD2d 356, 357, lv denied 78 NY2d 862).

Weiss, P. J., Levine and Mahoney, JJ., concur. Ordered that the judgment is affirmed, without costs.