■ In the Matter of JAMES CURLEY, Appellant, v POLICE COMMISSION OF THE TOWN OF RAMAPO et al., Respondents. [618 NYS2d 65] —In a proceeding pursuant to CPLR article 78 to review a determination of the Chairman of the Police Commission of the Town of Ramapo dated December 9, 1992, which suspended the petitioner without pay pending the final determination of the charges against him, the petitioner appeals from a judgment of the Supreme Court, Rockland County (Meehan, J.), dated March 4, 1993, which denied the petition and dismissed the proceeding.

Ordered that the appeal is dismissed as academic, without costs or disbursements.

The petitioner, a police officer who had been injured in the line of duty and who had been receiving his full salary in the form of disability benefits pursuant to General Municipal Law § 207-c, was suspended without pay pending a hearing, pursuant to the Rockland County Police Act § 7 (L 1936, ch 526, as amended), of the disciplinary charges against him. The petitioner contends that he was improperly suspended without pay before an evidentiary hearing on the disciplinary charges was held, in contravention of his due process rights.

An evidentiary hearing to determine the disciplinary

charges was, in fact, held on January 14 and 26, 1993, and February 25, 1993. After the Hearing Examiner rendered a decision, the Ramapo Town Board adopted a resolution finding the petitioner guilty of insubordination and imposed a penalty of 20 days' suspension without pay, as authorized by the Rockland County Police Act § 7. Immediately thereafter, the petitioner received all of his retroactive pay except for 20 days.

Under these circumstances, the petitioner's contention concerning the necessity of holding an evidentiary hearing is academic, and this appeal is therefore dismissed. "[W]here * * * the rights of the parties cannot be affected by the determination of [an] appeal" it is moot *(Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 714; *see also, Matter of McMahon v Landon,* 154 AD2d 745; *Lighting Horizons v Kahn & Co.,* 120 AD2d 648, 649). Balletta, J. P., Rosenblatt, Miller and Ritter, JJ., concur.