■ In the Matter of RICHARD BRODSKY, as Chairman of the New York State Assembly Committee on Environmental Conservation, et al., Respondents, v MICHAEL J. ZAGATA, as Commissioner of the New York State Department of Environmental Conservation, Appellant. [652 NYS2d 401] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Keegan, J.), entered February 16, 1996 in Albany County, which, *inter alia,* granted petitioners' motion pursuant to CPLR 2308 to compel respondent to comply with a subpoena duces tecum.

Concerned that consent orders entered into by the Department of Environmental Conservation (hereinafter DEC) were negotiated with little or no public participation, petitioner Richard Brodsky (hereinafter petitioner) initiated a legislative inquiry to ascertain whether legislation restricting such consent orders should be enacted. As part of the investigation,

petitioner subpoenaed certain documents from DEC relating to two particular consent orders. The subpoena also required respondent's presence at a hearing on January 18, 1996. The day prior to the hearing, some of the requested documents were displayed at a press conference. Respondent did appear and testify at the hearing, but did not bring the requested documents, instead offering to make them available for inspection by petitioner's staff. Petitioner recessed the hearing but reserved his rights to enforce the subpoena. On January 22, 1996, respondent offered to provide petitioner with copies of the documents sought, with the exception of those assertedly containing trade secrets or other confidential material. In response, petitioners commenced this proceeding to compel respondent to comply with the subpoena. Supreme Court directed respondent to deliver to the court all the subpoenaed documents that had not been displayed publicly, along with the lists of the requested documents respondent had compiled. After doing so, respondent cross-moved to quash the subpoena.

At oral argument on the motions, respondent contended that the issues of confidentiality and trade secrets involving a handful of the documents were the only matters still unresolved, the rest having become moot because of his offers to make the remaining documents available for inspection and copying, or to provide copies of those items that petitioner would select from a list. Prior to rendering its decision, Supreme Court was informed that the parties had reached an agreement with respect to the documents purportedly containing trade secrets and the names of informants. While Supreme Court noted that fact, it nevertheless found that insofar as the other documents were concerned, respondent's actions did not constitute "substantial compliance" with the subpoena, as he maintained, and accordingly refused to dismiss the matter as moot. In its decision and order dated February 15, 1996, the court directed respondent to produce the remaining documents, and this appeal followed.

Then, by letter dated February 21, 1996, respondent informed Supreme Court that the documents at issue had indeed been delivered voluntarily on February 15, 1996, the same day the court had issued its order, and asked that this delivery "be deemed to constitute compliance with the court's order and the subpoena". A week later, respondent's counsel also certified that the documents had been furnished, although that certification stated the last date of delivery as February 22, 1996.

Because respondent has now fully complied with the subpoena, his rights can no longer be affected by a decision on

appeal, and this appeal is moot (see, Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714; Matter of McMahon v Landon, 154 AD2d 745). Respondent contends, however, that Supreme Court's decision and order should be vacated, since the controversy had become moot before it was issued. This argument is unpersuasive, for it appears from the correspondence submitted by respondent that at least some of the documents in dispute may not have been delivered until after Supreme Court ordered that they be produced. Moreover, respondent's letters make clear that any production of documents that occurred prior to that time was not intended to have been made pursuant to the subpoena, or to constitute compliance with the terms thereof, the validity of which he continued to challenge until faced with an adverse judicial decision. Accordingly, Supreme Court did not err in refusing to dismiss the matter as moot. Nor are we convinced that vacatur is necessary here to insure against Supreme Court's decision, which has become unreviewable because of mootness, being viewed as binding precedent (see, 29 NY Jur 2d, Courts and Judges, § 483, at 253; cf., Matter of Hearst Corp. v Clyne, supra, at 718).

As for petitioners' contention that this case falls under an exception to the mootness doctrine, it suffices to note that this controversy is not of a kind that will typically evade review (see, supra, at 714-715).

Mikoll, J. P., Peters and Spain, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.