■ In the Matter of COMPREHENSIVE HABILITATION SERVICES, INC., Appellant, v ATTORNEY GENERAL OF THE STATE OF NEW YORK, Respondent. (And Another Related Proceeding.) [717 NYS2d 680] —Lahtinen, J. Appeal from an order of the Supreme Court (Teresi, J.), entered February 28, 2000 in Albany County, which denied petitioners' motions pursuant to CPLR 2304 to quash, vacate or modify Grand Jury subpoenas duces tecum issued by respondent.

Petitioner Comprehensive Habilitation Services, Inc. (hereinafter CHS) is a foreign corporation authorized to do business in this State and provides management, administrative and executive services to licensed medical facilities throughout the State, including petitioner Comprehensive Clinical Center, Inc. (hereinafter CCC), a domestic corporation which operates a diagnostic center and provides medical and other professional health care services in the State. In December 1999, CHS and CCC were served, for the third time, with Grand Jury subpoenas duces tecum issued by respondent's Medicaid Fraud Control Unit (hereinafter MFCU). These subpoenas sought production of various enumerated categories of documents going as far back as January 1994. Petitioners moved separately to quash their subpoenas pursuant to CPLR 2304. In a single decision and order, Supreme Court denied the motions finding that petitioners had failed to overcome the presumptive validity of the subpoenas. Petitioners appeal* arguing that the information sought by the subpoenas is afforded various statutory protections against disclosure, including the physician-patient privilege (see, CPLR 4504) and the attorney-client privilege (see, CPLR 4503).

Turning first to petitioners' claim that the records sought by the subpoenas are protected from disclosure by the physician-patient privilege, we note that neither CHS, being an administrative and managerial corporation not a medical corporation, nor CCC, being a medical corporation licensed under Public

* Enforcement of the subpoenas has been stayed by order of this Court pending resolution of this appeal.

Health Law article 28, is the type of entity listed in the statute whose records may be subject to this privilege. Nevertheless, assuming petitioners were statutorily entitled to invoke this privilege, courts have established that those records with "purposes directly connected with administering the Medicaid program" (*Matter of Camperlengo v Blum*, 56 NY2d 251, 256), subpoenaed as part of a Medicaid fraud investigation, fall outside the scope of the physician-patient privilege in order "to satisfy the important public interest in seeing that Medicaid funds are properly applied" (*id.*, at 255-256). And while privileged matters not necessary to the Medicaid investigation need not be disclosed (*see, Matter of Grand Jury Subpoena Duces Tecum Dated Dec. 14, 1984 [Y., M.D., P. C. v Kuriansky]*, 69 NY2d 232, 240, *cert denied* 482 US 928), "[m]erely asserting the privilege is not enough" (*id.*, at 241) to warrant court intervention. A party asserting the privilege must identify the particular records sought to be protected from disclosure and demonstrate that the records are privileged and have no relevance to the Medicaid fraud investigation (*see, id.*, at 242). Petitioners here failed to specify the records or other documents they assert are protected from disclosure by this statute nor have they made any attempt to show that any subpoenaed documents lacked relevancy to the MFCU investigation. Absent that showing in the first instance, petitioners cannot be said to have overcome the presumptive validity of these subpoenas (*see, Virag v Hynes*, 54 NY2d 437, 443).

Similarly, we reject petitioners' claims that the subpoenaed documents are protected by the attorney-client privilege and the attorney work product doctrine. To invoke the attorney-client privilege, petitioners "must [show] that the information sought to be protected from disclosure was a 'confidential communication' made to [an] attorney for the purpose of obtaining legal advice or services" (*Matter of Priest v Hennessy*, 51 NY2d 62, 69). Petitioners again have failed to make any effort to identify specific records which they claim would be entitled to this privilege. Protection of documents from disclosure under the attorney-client privilege or the attorney work product doctrine (*see, Matter of Grand Jury Proceedings [Doe]*, 56 NY2d 348, 354) must necessarily be based on complete information as to the content and context of the documents, not general descriptions or labels (*see, Geary v Hunton & Williams*, 245 AD2d 936, 939) and since those specific disclosures have not been provided to Supreme Court by petitioners, we find this privilege inapplicable.

We have reviewed petitioners' remaining arguments and found them to be lacking in merit.

Crew III, J. P., Peters, Mugglin and Rose, JJ., concur. Ordered that the order of this Court staying enforcement of the subpoenas issued herein is vacated. Ordered that the order of Supreme Court is affirmed, with costs.