In the Matter of NEW YORK TEMPORARY STATE COMMISSION ON LOBBYING, Respondent, v JAMES B. CRANE II, Appellant. [853 NYS2d 688]—

Kavanagh, J.

Petitioner* is charged with the implementation of the Lobbying Act (*see* Legislative Law art 1-A), which requires individuals who engage in lobbying to formally register with petitioner and report their expenses, expenditures and compensation therefrom. Specifically, petitioner "shall be charged with the duty of reviewing all statements and reports required under this article for violations, and it shall be [its] duty, if [it] deem[s] such to be wilful, to report such determination to the attorney general or other appropriate authority" (Legislative Law § 1-p [b]). In furtherance of that duty, petitioner is authorized to conduct random audits of statements and reports filed and, pursuant to

---

* The Public Employee Ethics Reform Act of 2007 merged petitioner and the New York State Ethics Commission to form a single agency—the Commission on Public Integrity (*see* Executive Law § 94). This new commission has jurisdiction over all matters that were pending before petitioner (*see* Executive Law § 94, as amended by L 2007, ch 14, § 43, eff Sept. 22, 2007).

the act, "[u]pon a determination that such reasonable cause exists, . . . may require the production of further books, records or memoranda, subpoena witnesses, compel their attendance and testimony and administer oaths or affirmations, to the extent the commission determines such actions are necessary to obtain information relevant and material to investigating such inaccuracies or omissions" (Legislative Law § 1-d [b] [iv]).

Respondent is president and managing partner of a general practice law firm which has provided legal services for various lobbyist firms, including Powers, Crane & Company. During a random audit of the 2003 Lobbyist Registration and Bimonthly Reports filed with petitioner by Powers, Crane & Company in connection with one of its clients, Duane Reade, Inc., petitioner sought further documents from Powers, Crane & Company and its successor firm, Crane & Vacco. Unable to obtain this documentation from either firm, petitioner obtained relevant billing records and invoices from Duane Reade. Upon examination of these records, petitioner noted the presence of certain billing and reporting discrepancies, as well as the existence of "questionable reporting practices" by Powers, Crane & Company. Relying on the information provided, petitioner commenced a formal investigation.

In that regard in July 2006, petitioner issued a nonjudicial subpoena to respondent compelling his testimony and the production of documents that involved the alleged irregularities in the reports on file, as well as possible violations of the Lobbying Act. After respondent, through counsel, advised that he would not comply with the subpoena, petitioner moved to enforce it. Respondent cross-moved to quash the subpoena and sought an order directing that a hearing be held to determine whether petitioner's Executive Director had acted in bad faith in connection with the initiation of this investigation. Supreme Court granted petitioner's motion to enforce the subpoena, denied respondent's cross motion in its entirety and denied respondent's motion to renew. These appeals ensued and we affirm.

Where there is "authority, relevancy, and some basis for inquisitorial action" (*Matter of A'Hearn v Committee on Unlawful Practice of Law of N.Y. County Lawyers' Assn.*, 23 NY2d 916, 918 [1969], *cert denied* 395 US 959 [1969]), a subpoena will be quashed "[o]nly where the futility of the process to uncover anything legitimate is inevitable or obvious or where the information sought is utterly irrelevant to any proper inquiry" (*Anheuser-Busch, Inc. v Abrams*, 71 NY2d 327, 331-332 [1988] [internal quotation marks and citations omitted]). Because petitioner possesses the legal authority to issue subpoenas in

the course of conducting its investigations (*see* Legislative Law § 1-d [b] [iv]), and the information sought is not utterly irrelevant to that inquiry (*see Anheuser-Busch, Inc. v Abrams*, 71 NY2d at 332; *Matter of Abbruzzese v New York Temporary State Commn. on Lobbying*, 43 AD3d 518, 519 [2007]), Supreme Court properly granted petitioner's motion to enforce the subpoena and denied respondent's cross motion to quash.

Nor do we agree that petitioner's decision to refer respondent for a civil penalty hearing renders the issues surrounding the enforcement of the subpoena moot. "[A]n appeal is not rendered moot if there remain undetermined rights or interests which the respective parties are entitled to assert" (*Matter of Grand Jury Subpoenas for Locals 17, 135, 257 & 608 of United Bhd. of Carpenters & Joiners of Am., AFL-CIO*, 72 NY2d 307, 311 [1988], *cert denied* 488 US 966 [1988]). The requested documents and testimony have not been provided (*compare Matter of Brodsky v Zagata*, 235 AD2d 764, 766 [1997]) and petitioner's authority to obtain that information remains intact.

Respondent's remaining contentions have been reviewed and found to be without merit.

Mercure, J.P., Spain, Carpinello and Rose, JJ., concur. Ordered that the orders are affirmed, without costs. [*See* 2007 NY Slip Op 30795(U).]