Peters, P.J.
Appeal from an order of the Supreme Court (Devine, J.), entered March 5, 2013 in Schoharie County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, denied John Poorman’s motion to, among other things, quash a subpoena issued by petitioner.
The underlying facts of this case are fully set forth in our prior decision (95 AD3d 1636 [2012]), in which we found that triable issues of fact existed as to whether petitioner had a vested right to quarry certain property it owned in the Town of Schoharie, Schoharie County. Upon remittal, petitioner issued a *1025 subpoena to John Poorman, one of the founding members and chair of a local organization that has actively opposed petitioner’s expansion of its mining operation, compelling his deposition and the production of certain documents. Poorman thereafter moved to, among other things, quash the subpoena, and petitioner sought to compel Poorman’s compliance. Supreme Court denied Poorman’s motion to quash, prompting this appeal.
Inasmuch as we denied Poorman’s motion for a stay of Supreme Court’s order and Poorman has since appeared for deposition and provided the requested documents in accordance with the subpoena, the relief he sought is no longer available and any determination by this Court will not affect the rights of the parties. Under such circumstances, this appeal is moot (see Matter of Roadway Express v Commissioner of N.Y. State Dept. of Labor, 66 NY2d 742, 744 [1985]; Cadle Co. v Court Living Corp., 34 AD3d 254, 254 [2006]; Romaro Corp. v Sea & Sky Garden, 304 AD2d 742, 742 [2003]; Matter of McMahon v Landon, 154 AD2d 745, 745 [1989]; cf. Matter of Grand Jury Subpoenas for Locals 17, 135, 257 & 608 of United Bhd. of Carpenters & Joiners of Am., AFL-CIO, 72 NY2d 307, 311 [1988], cert denied 488 US 966 [1988])- Further, we are unpersuaded that the exception to the mootness doctrine is applicable here (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]). Even were we to address the merits, we would find that Supreme Court did not abuse its broad discretion in determining that petitioner made a sufficient showing that the information it sought from Poorman was material and necessary to the prosecution of the underlying proceeding and could not be independently obtained from other sources (see American Heritage Realty LLC v Strathmore Ins. Co., 101 AD3d 1522, 1523-1524 [2012]; Matter of Niagara Mohawk Power Corp. v Town of Moreau Assessor, 8 AD3d 935, 937 [2004]). Nor did Supreme Court’s decision to uphold the subpoena implicate Poorman’s 1st Amendment rights.
Rose, Lahtinen and Garry, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.