[5 NYS3d 810]

Q.C., Plaintiff, v L.C., Defendant.

Supreme Court, Westchester County, February 3, 2015

## APPEARANCES OF COUNSEL

*Peter Morris Law*, New York City (*Peter D. Morris* of counsel), and *Jansen & Ressler*, White Plains (*Jessica H. Ressler* of counsel), for plaintiff.

*Berman Frucco Gouz Mitchel & Schub, P.C.*, White Plains (*John P. Frucco* and *Tamara A. Mitchel* of counsel), for defendant.

## OPINION OF THE COURT

LAWRENCE H. ECKER, J.

Plaintiff Q.C. seeks to set aside and declare void a number of stipulations in this contested matrimonial action, entered into between the parties, between January 11, 2013 and November 20, 2013, on the grounds he was mentally ill when he signed the stipulations. In conjunction with the competency issue now under consideration by the court, plaintiff's cocounsel, Jessica Ressler, was deposed by defendant's counsel on December 8, 2014 and December 15, 2014.

The issue before the court is whether plaintiff, by placing his competency at issue, has waived attorney-client privilege with Ressler, plaintiff's attorney at the time of the signing of the stipulations at issue. The issue is raised in the context of whether Ressler should be compelled to provide further responses to questions propounded to her by defendant's counsel, which would require her to reveal the substance of conversations she had with her client, or to elicit her opinion as to plaintiff's mental state at the relevant times based upon those conversations, or her observation of her client's conduct. As an initial observation, this court did authorize the taking of Ressler's deposition, as well as one of Tamara Mitchel, one of defendant's counsel. There is no issue raised by the parties relative to the Mitchel deposition.

The court has reviewed the transcripts of the Ressler deposition, including the objections raised by counsel for each party.

The court has also considered the arguments of the parties, and the cases cited by them, as contained in defendant's letter memorandum dated January 8, 2015, and plaintiff's two letter memoranda dated January 8, 2015 (Ressler and Morris).

As to the Ressler deposition, the court is mindful of, and does subscribe to, the rule enunciated in *Giannicos v Bellevue Hosp. Med. Ctr.* (7 Misc 3d 403 [Sup Ct, NY County 2005]), namely, that there is a reluctance upon the courts to require a party's attorney to submit to a deposition, as the practice is disruptive of the adversarial process and lowers the standards of the legal profession. (*Id.* at 406, citing *Harriston v Chicago Tribune Co.*, 134 FRD 232 [ND Ill 1990].) The court is aware that there is precedent for the attorney deposition to take place, when the issue of the attorney's representation is a key issue in the dispute. (*See e.g. 1050 Tenants Corp. v Lapidus*, 12 Misc 3d 1118 [Civ Ct, NY County 2006]; *Village Bd. of Vil. of Pleasantville v Rattner*, 130 AD2d 654 [2d Dept 1987].)

Here, defendant is attempting to undermine plaintiff's claim of incompetency through Ressler's observations of her client, relative to her client's understanding of the stipulations in issue. The questions propounded to Ressler by defendant's counsel were objected to by plaintiff through cocounsel Morris, and by Ressler's ethics counsel, Deborah A. Scalise, the latter retained by Ressler to advise her on matters pertaining to an attorney's duties pursuant to the Rules of Professional Conduct (22 NYCRR 1200.0), particularly regarding the disclosure of confidential communication (rule 1.6) and the appropriate actions to be taken when there is an issue of the client's competency (rule 1.14).

In determining the extent to which defendant should be provided further latitude in her deposition of Ressler, the court adopts the three-prong test enunciated in *Shelton v American Motors Corp.* (805 F2d 1323 [8th Cir 1986]), cited in *Giannicos* (7 Misc 3d at 407), to wit: (1) that no other means exist to obtain the information than to depose opposing counsel; (2) that the information sought is relevant and non-privileged; and (3) that the information is crucial to the preparation of the case. Under the *Shelton* three-prong test, all prongs must be satisfied before a party will be permitted to depose opposing counsel.

As to the first prong, the court has already permitted the deposition to occur, notwithstanding there are other means to obtain the information, which in this case, is the testimony of

the health care professionals who treated plaintiff during the relevant time frame, and the testimony of each party's experts. It goes without saying, as admitted by plaintiff, that he has put his mental condition in issue, thereby waiving the physician-patient privilege, but his having done so does not, ipso facto, trigger the waiver of the attorney-client privilege. Defendant's attempt to bootstrap the former with the latter requires the scrutiny set forth herein.

As to the second prong that the information is relevant and non-privileged, based upon the court's review of the questions at issue and the objections made, it is the finding of the court that Ressler has adequately and sufficiently answered the questions posed to her, consistent with her obligations as counsel for a party, both in preserving confidential communications and the appropriateness of her action when she has a client who may be under a disability. As to the communications themselves, the court finds she cannot be compelled to reveal what was said to her within the sanctity of the attorney-client relationship. Further, to the extent an attorney is competent, when relevant, to testify to her observations of a client's demeanor (see People v Kinder, 126 AD2d 60 [4th Dept 1987]), those questions have been suitably answered. As to whether she has fulfilled her responsibilities to her client, that is for the court to determine, after taking proof at the competency hearing to be held, and if relevant to the setting aside of the stipulations now under review. In other words, the court's interest in Ressler's conduct is limited by its scope of review in the context of this action. It seems from this court's review of the deposition that the thrust of some of the questions propounded to Ressler are couched as if she is the focus of an investigation of her conduct as plaintiff's attorney. The court finds such questions to be far beyond the proper scope of this deposition.

As to the third prong, the information that will be crucial to the determination of plaintiff's competency is better ascertained from his testimony, and the medical witnesses' testimony, and not from his attorney's lips. Further, it is not his attorney's conduct or credibility which is called into question, relative to the enforcement of the stipulations, as the content of the stipulations is not in issue, but rather the circumstances surrounding their execution. In 1050 Tenants Corp. v Lapidus, the issue presented, which justified the testimony of defendant's counsel, was defendant (himself an attorney) placing in issue the authority of his attorney to settle a matter, thereafter dis-

avowed by defendant. In *Village of Pleasantville v Rattner*, the issue presented, which justified the testimony of plaintiff's counsel, was the action taken by the village authorities relative to defendant's property, and the claim by those officials that their conduct was predicated upon their good faith reliance upon the advice of the village attorney. In each of these cases, the conduct of the attorney was directly at issue, as contrasted with the case sub judice, where it is the action of a party and not the attorney, that is the focus of the inquiry.

In conclusion, plaintiff's mental state, at the relevant times, is best brought forth by the testimony of the trained mental health providers who actually observed and treated plaintiff, and the testimony of the experts qualified to render an opinion, based upon their observation and review of records. Ressler falls under neither of these categories. Hence, the expansion of her deposition testimony, beyond that already in the transcript, is defendant's attempt to collaterally elicit facts or opinion to discredit plaintiff's claims, and as such, it must fail. To do otherwise will have a deleterious effect upon the sanctity of the attorney-client privilege (CPLR 4503), and place into jeopardy Ressler's ethical responsibilities.

Based upon the foregoing, it is the court's determination that insofar as objections raised by both parties during the Ressler deposition, plaintiff's objections are sustained and defendant's objections are overruled in their entirety.

Accordingly, it is hereby ordered that the deposition of plaintiff's attorney, Jessica Ressler, is terminated; and it is further ordered that to the extent any relief requested by either party was not addressed by the court, it is hereby denied.