State of New York
Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered:  December 1, 2016          522621
_____

In the Matter of EMPIRE WINE &
   SPIRITS LLC,
                   Respondent,

     v                          MEMORANDUM AND ORDER

NOEL COLON, as Director of
   Enforcement for the New
   York State Liquor Authority,
   et al.,
                   Appellants.
_____

Calendar Date:  October 18, 2016

Before:  Peters, P.J., Garry, Devine, Clark and Aarons, JJ.

_____

Eric T. Schneiderman, Attorney General, Albany (Fredrick A. Brodie of counsel), for Noel Colon and others, appellants.

Whiteman Osterman & Hanna, LLP, Albany (William S. Nolan of counsel), for respondent.

_____

Garry, J.

Appeal from an order of the Supreme Court (Connolly, J.), entered May 22, 2015 in Albany County, which, among other things, granted petitioner's application pursuant to CPLR 2308 to compel certain respondents to comply with subpoenas ad testificandum.

The State Liquor Authority (hereinafter SLA) charged petitioner, a wine retailer, with 16 counts of improper conduct pursuant to 9 NYCRR 53.1 (n) for shipping wine to customers in states that prohibit their residents from receiving such shipments.  In support of its defenses, petitioner issued

subpoenas ad testificandum to obtain the testimony of several of SLA's senior officials, including SLA's general counsel, respondent Jacqueline Flug; SLA's director of enforcement, respondent Noel Colon; SLA's director of public affairs, respondent William Crowley; and SLA's deputy commissioner of licensing, respondent Kerry O'Brien.  At the administrative hearing, Colon and O'Brien refused to testify upon the advice of counsel for SLA, respondents Mark D. Frering and Margarita Marisco.  Counsel for SLA further stated that Crowley and Flug would likewise refuse to testify.  The Administrative Law Judge adjourned the hearing to permit petitioner to commence proceedings to compel compliance with the subpoenas.  Petitioner then commenced a special proceeding pursuant to CPLR 2308 (b) and 401 to compel Flug, Colon, Crowley and O'Brien to comply with petitioner's subpoenas.  Respondents joined issue and cross-moved for an order pursuant to CPLR 2304 quashing the subpoenas. Supreme Court granted petitioner's application and denied the cross motion.  Respondents appeal.[1]

Petitioner asserts that SLA has never before sought to discipline a licensee for the conduct at issue, which is allegedly consistent with industry standards and was acceptable to SLA under its prior policies.  According to petitioner, the challenged subpoenas are intended to obtain information pertaining to, among other things, SLA's past and present policies regarding out-of-state shipping, the standards applicable to the charges of improper conduct against petitioner and evidence related to penalty mitigation.  CPLR 2308 (b) provides that, upon a motion to compel a respondent to comply with a non-judicial subpoena, the court "shall order compliance" if it determines that the subpoena was authorized.  Here, it is undisputed that petitioner was authorized by SLA's regulations to issue the subpoenas (see 9 NYCRR 54.3 [h]; see also CPLR 2302 [a]).  Respondents nevertheless contend that their motion to quash should have been granted based upon their claims that the

_____

[1]  Although all six respondents are named as appellants in the notice of appeal, the appellants' brief was only filed on behalf of Flug, Colon, Crowley and O'Brien (hereinafter collectively referred to as respondents).

information sought by the subpoenas is privileged, irrelevant, beyond the scope of the administrative hearing, cumulative and burdensome. We affirm, finding no abuse of Supreme Court's discretion in the denial of respondents' cross motion (see generally Matter of Kapon v Koch, 23 NY3d 32, 39 [2014]).

Turning first to the subpoena directed to Flug, respondents claim that, given her role as SLA's general counsel, petitioner's questions will necessarily elicit information protected by the attorney-client privilege, which applies to "confidential communication[s] made to [an] attorney for the purpose of obtaining legal advice or services" (Matter of Comprehensive Habilitation Servs. v Attorney Gen. of State of N.Y., 278 AD2d 557, 558 [2000] [internal quotation marks and citations omitted], lv denied 96 NY2d 706 [2001]). However, although a subpoena duces tecum can be vacated in advance on the basis of privilege, a different analysis applies to a subpoena that seeks testimony rather than documents (see Matter of Beach v Shanley, 62 NY2d 241, 248 [1984]). Where, as here, a witness has been served with a subpoena ad testificandum, "a claim of privilege cannot be asserted until the witness appears before the requisite tribunal and is presented with a question that implicates protected information" (Matter of Holmes v Winter, 22 NY3d 300, 319 [2013], cert denied ___ US ___, ___ , 134 S Ct 2664 [2014]; see Matter of Beach v Shanley, 62 NY2d at 248; 4-2304 Weinstein-Korn-Miller, NY Civ Prac ¶ 2304.13). Flug is entitled to invoke the attorney-client privilege if and when petitioner propounds questions that implicate protected information, but we agree with Supreme Court that she must first comply with the subpoena by appearing at the administrative hearing. "Only in this context can an intelligent appraisal be made as to the legitimacy of the claim of privilege" (Matter of Pennock v Lane, 18 AD2d 1043, 1044 [1963]; see Desai v Blue Shield of Northeastern N.Y., 128 AD2d 1021, 1022 [1987]; Ocean-Clear, Inc. v Continental Cas. Co., 94 AD2d 717, 718-719 [1983]).[2]

_____

   [2] We reject respondents' argument that this Court should impose a more rigorous standard due to Flug's role as SLA's general counsel. This argument is premised upon federal and trial court case law addressing efforts to compel the testimony

Respondents' claims that the subpoenas seek irrelevant, cumulative and otherwise improper information are likewise premature.  When no specific questions have yet been posed, an objection on the basis of relevance is so speculative that "[p]rophecy in such circumstances will step into the place that description and analysis may occupy more safely" (Matter of Edge Ho Holding Corp., 256 NY 374, 382 [1931]).  Accordingly, "a subpoena will be quashed only where the futility of the process to uncover anything legitimate is inevitable or obvious or where the information sought is utterly irrelevant to any proper inquiry" (Matter of New York Temporary State Commn. on Lobbying v Crane, 49 AD3d 1066, 1067 [2008] [internal quotation marks, brackets and citations omitted]; see Matter of Hogan v Cuomo, 67 AD3d 1144, 1146 [2009]).

Here, respondents have made no showing of utter irrelevance, nor demonstrated that the information at issue will be so completely outside the scope of the administrative hearing that the subpoenas are obviously futile, particularly with regard to petitioner's claims related to penalty mitigation and the applicable standards.  A similar analysis applies to respondents' conjectural contention that testimony elicited from the four officials may be cumulative to one another's testimony as well as that already obtained from an SLA employee who testified before the hearing was adjourned.  Whether petitioner's questions pursuant to the subpoenas will address the same subjects already covered by previous witnesses cannot be determined until the

---

of opposing counsel, and addresses policy concerns not present here (see e.g. Shelton v American Motors Corp., 805 F2d 1323, 1327 [8th Cir 1986]; Dufresne-Simmons v Wingate, Russotti & Shapiro, LLP, 53 Misc 3d 598, 606-607 [Sup Ct, Bronx County 2016]; Q.C. v L.C., 47 Misc 3d 600, 602-603 [Sup Ct, Westchester County 2015]; Stevens v Cahill, 50 Misc 3d 918, 922 [Sur Ct, NY County 2015]).  Notably, Flug has never acted directly as counsel for SLA in this proceeding; instead, Frering and Marisco appear as counsel, and petitioner has not sought to compel their testimony.  Despite her title, Flug is apparently named as one of several senior officials potentially possessing non-privileged information pertaining to SLA's general policies and standards.

questions are posed.  Likewise, respondents' claim that subpoenas against senior officials may potentially become burdensome and interfere with enforcement operations if large numbers of other licensees begin to employ them in disciplinary proceedings is both speculative and irrelevant to determining whether a proper basis exists for quashing these subpoenas.

Finally, respondents claim that the true purpose of petitioner's subpoenas is to demonstrate that SLA has engaged in selective or discriminatory enforcement, and that such a defense is not ordinarily developed as a direct defense in an administrative proceeding, but should be separately submitted to a judicial tribunal following the conclusion of the administrative process (see Matter of 303 W. 42nd St. Corp. v Klein, 46 NY2d 686, 693 n 5 [1979]; Matter of Bell v New York State Liq. Auth., 48 AD2d 83, 84 [1975]).  This claim is also premature and would more properly be raised in response to specific questions at the administrative hearing.  Petitioner was authorized to issue the challenged subpoenas; respondents did not meet their burden to demonstrate that the subpoenas are obviously futile or that the information sought is completely irrelevant and immaterial.  Accordingly, Supreme Court properly denied the cross motion to quash the subpoenas (see Matter of Edge Ho Holding Corp., 256 NY at 381; Matter of Hogan v Cuomo, 67 AD3d at 1145; Matter of New York Temporary State Commn. on Lobbying v Crane, 49 AD3d at 1068).

Peters, P.J., Devine, Clark and Aarons, JJ., concur.


ORDERED that the order is affirmed, with costs.



ENTER:

Robert D. Mayberger
Clerk of the Court