Matter of Board of Educ. of the City Sch. Dist. of the City of N.Y. v New York State Dept. of Educ. (2020 NY Slip Op 02140)





Matter of Board of Educ. of the City Sch. Dist. of the City of N.Y. v New York State Dept. of Educ.


2020 NY Slip Op 02140


Decided on April 2, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 2, 2020

528252

[*1]In the Matter of Board of Education of the City School District of the City of New York et al., Respondents,
v
New York State Department of Education et al., Respondents, and Joan Klingsberg, Appellant.

Calendar Date: February 18, 2020

Before: Egan Jr., J.P., Lynch, Mulvey, Devine and Colangelo, JJ.


Robert T. Reilly, General Counsel, New York State United Teachers, New York City (Elizabeth H. Jackson of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York City (John Moore of counsel), for Board of Education of the City School District of the City of New York and others, respondents.



Colangelo, J.
Appeal from an order of the Supreme Court (Melkonian, J.), entered August 7, 2018 in Albany County, which granted petitioners' application pursuant to CPLR 2304 to quash a subpoena ad testificandum.
Respondent Joan Klingsberg, a tenured high school principal with the New York City School District, was charged by petitioner New York City Department of Education (hereinafter NYCDOE), following an investigation, with numerous specifications of misconduct involving the improper utilization of school funds for inappropriate or personal reasons. Following a disciplinary hearing (see Education Law § 3020-a), 23 of the charges were sustained and the Hearing Officer determined that termination from service was warranted. On Klingsberg's appeal, the Chancellor of NYCDOE upheld the finding that she had committed misconduct but, citing mitigating factors including her "years of unblemished service," reduced the penalty to a six-month suspension without pay and removal as principal and assignment to a nonsupervisory administrative position (see generally 8 NYCRR part 281).
Klingsberg thereafter entered into a stipulation of settlement with NYCDOE pursuant to which, among other terms, NYCDOE agreed to forgo her termination and suspend her for six months without pay, and to revert her to her tenured teaching position and assign her to a nonteaching position; in turn, NYCDOE and Klingsberg each agreed to release the other from any future claims related to the disciplinary matter. Initially, at the disciplinary hearing, Klingsberg was represented by a union-assigned attorney, petitioner Charity Guerra, who, during the course of the hearing, applied for and accepted a position as executive deputy counsel with NYCDOE and then recused herself from representing Klingsberg in that ongoing proceeding. Klingsberg thereafter proceeded pro se through the remainder of the disciplinary hearing and in entering into the stipulation.[FN1]
Based upon the disciplinary findings, respondent New York State Department of Education (hereinafter SED) commenced a decertification proceeding to determine if Klingsberg is of good "moral character" and entitled to retain her teaching certificate (8 NYCRR 83.1 [a]). SED moved to apply collateral estoppel to the factual findings of the disciplinary hearing in the decertification hearing. The Hearing Officer granted the motion subject to the qualification, among others, that collateral estoppel would not apply if Klingsberg lacked "competent counsel" at the disciplinary hearing. At Klingsberg's behest, the Hearing Officer issued a subpoena ad testificandum requiring Guerra, a NYCDOE employee and nonparty witness, to testify at the decertification hearing to assist in Klingsberg's defense against the application of collateral estoppel, a defense based upon the ground that she lacked competent counsel at the disciplinary hearing (see 8 NYCRR 83.4 [c]). The Hearing Officer denied petitioners' motion to quash the subpoena (see CPLR 2304), finding that Guerra's testimony would be relevant to this defense. Petitioners then moved in Supreme Court to quash the subpoena and Klingsberg opposed the motion and sought to compel compliance with it. The court granted the motion to quash, finding, among other things, that Guerra's testimony was immaterial to the decertification hearing in that it did not concern Klingsberg's moral character. Klingsberg appeals.[FN2]
The limited issue before this Court is whether the subpoena ad testificandum issued in the pending SED administrative decertification matter was properly quashed. "[A] subpoena will be quashed only where the futility of the process to uncover anything legitimate is inevitable or obvious or where the information sought is utterly irrelevant to any proper inquiry" (Matter of Empire Wine & Spirits LLC v Colon, 145 AD3d 1157, 1159 [2016] [internal quotation marks and citations omitted]; see Matter of Kapon v Koch, 23 NY3d 32, 38 [2014]). The party moving to quash bears "the burden of establishing that the subpoena should be [quashed] under such circumstances" (Matter of Kapon v Koch, 23 NY3d at 39).
Importantly, Klingsberg sought to subpoena Guerra in order to defend — in the decertification proceeding — against SED's request to collaterally estop Klingsberg from challenging the factual findings made at the prior disciplinary hearing. The regulations governing decertification proceedings require SED to "review the findings and recommendations of hearing panels in hearings on [disciplinary] charges against tenured teachers pursuant to Education Law [§] 3020-a" (8 NYCRR 83.1 [d]). Factual findings at such disciplinary hearings have been given collateral estoppel effect, provided the party to be precluded "had a full and fair opportunity to be heard with respect to the charges of misconduct" (Matter of Czosek [Cheektowaga-Sloan Union Free School Dist.-Commissioner of Labor], 71 AD3d 1359, 1360 [2010]; see Johnson v Department of Educ. of City of N.Y., 158 AD3d 744, 745-746 [2018]; Matter of Telemaque [Commissioner of Labor], 148 AD3d 1441, 1442 [2017]). However, as the Hearing Officer recognized in only provisionally granting SED's motion to apply collateral estoppel in the ongoing decertification proceeding, application of this flexible doctrine may be inappropriate if Klingsberg "lacked competent counsel" at the prior disciplinary proceeding. In that regard, the Hearing Officer noted that "[e]vidence admitted to date shows that while representing . . . Klingsberg in the [disciplinary] proceeding against [NYCDOE], . . . Guerra was actively seeking employment with [NYC]DOE [and, d]uring the course of the [disciplinary] proceeding, . . . Guerra was offered and accepted a position with [NYC]DOE. This alone is sufficient to allow . . . Klingsberg to inquire into . . . Guerra's handling of her [disciplinary] case for the purpose of avoiding the application of the doctrine of collateral estoppel."
As such, whether Klingsberg was competently represented at that prior proceeding so as to warrant giving preclusive effect to its factual findings is very much in issue in this decertification proceeding and, given that Guerra has firsthand knowledge regarding her representation of Klingsberg at that prior proceeding, it cannot be said that "the information sought [from Guerra] is utterly irrelevant" to the decertification inquiry (Matter of Empire Wine & Spirits LLC v Colon, 145 AD3d at 1159 [internal quotation marks and citations omitted]). Rather, Guerra's testimony is highly relevant to whether collateral estoppel will be applied in the pending decertification proceeding. For this reason, petitioners have not satisfied their burden of proof on their motion to quash the subpoena (see Matter of Kapon v Koch, 23 NY3d at 39). Accordingly, although we express no opinion on the ultimate merits of the collateral estoppel defense or any other issue, we find that Guerra's testimony at the decertification proceeding is not "utterly irrelevant" to the inquiry regarding the preclusive effect, if any, to be given to the factual findings made at the disciplinary proceeding. Thus, it was error to quash the subpoena. Petitioners' remaining contentions do not support a contrary conclusion.
Egan Jr., J.P., Lynch, Mulvey and Devine, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and motion denied.



Footnotes

Footnote 1: Klingsberg commenced a legal malpractice lawsuit against Guerra and the union in Supreme Court, Queens County that was dismissed based upon the terms of the settlement, which is reportedly pending on appeal in the Second Department.

Footnote 2: The Attorney General took no position on the motion and has not submitted a responding brief on appeal.